INTERNATIONAL UNION OF PETROLEUM AND INDUSTRIAL WORKERS, SIUNA, AFL–CIO, Petitioner.

v.

STANDARD OIL COMPANY OF CALIFORNIA, Respondent.

STANDARD OIL COMPANY OF CALIFORNIA, Counterpetitioner,

v.

INTERNATIONAL UNION OF PETROLEUM AND INDUSTRIAL WORKERS, SIUNA, AFL–CIO, Counterrespondent.

No. 72–2425–AAH.

United States District Court, C. D. California.

May 8, 1973.

Schwartz, Steinsapir & Dohrmann by Michael Evan Gold, Los Angeles, Cal., for petitioner.

Pillsbury, Madison & Sutro by Eileen Silverstein, San Francisco, Cal., for respondent.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

HAUK, District Judge.

This cause came on to be heard on the petition of International Union of Petroleum and Industrial Workers, SIUNA,

AFL–CIO ("petitioner") to vacate Arbitrators' Award and the counterpetition of STANDARD OIL COMPANY OF CALIFORNIA ("counter-petitioner") for confirmation of Arbitrators' Award and for declaratory judgment. Said petition and counter-petition having been given due consideration and good cause appearing, pursuant to local Rule 7, the Court issues the following Findings of Fact and Conclusions of Law:

### Findings of Fact

1. International Union of Petroleum and Industrial Workers ("IUPIW" hereafter) and Standard Oil Company of California ("Standard" hereafter) were parties to a collective bargaining agreement entered into on March 31, 1969, and in full force and effect at all times herein relevant.

2. Article VIII of said Agreement provides an arbitration procedure for the settlement of employee grievances, which procedure includes provisions for the holding of hearings before a tripartite arbitration board. Section C of said Article provides that the Board of Arbitrators shall issue their Award within 30 days after the close of the arbitration hearing. Section D of the Article provides that the decision of the Board of Arbitrators will be final and binding.

3. Pursuant to said Agreement, James Starner, an IUPIW-represented employee of Standard, filed a grievance charging Standard with violation of section 8 of the Supplemental Agreement covering the Motor Transport Department. On November 12, 1971, an evidentiary hearing was held before a tripartite arbitration board consisting of R. E. Colwell, a Standard labor representative, J. T. Adkins, the Union's Secretary-Treasurer, and C. M. Updegraff, a neutral arbitrator chosen by Colwell and Adkins, as provided for in Article VIII of the Agreement.

4. Following post-hearing submission of briefs by both Standard and the Union, the neutral arbitrator circulated for concurrence or dissent a proposed Award and Opinion dated January 21, 1972, in favor of Standard. Pursuant to a request by Adkins, an executive session was held by the three arbitrators on February 4, 1972, to discuss the proposed Award.

5. Following post-executive session submission of supplemental briefs by both Standard and the Union, the neutral arbitrator suffered a stroke, of which both Standard and the Union were aware. The neutral arbitrator issued a final Award and Opinion dated July 3, 1972 in favor of Standard. Colwell received said Award and Opinion on or about July 4, 1972, and signed it, concurring. Adkins received said Award and Opinion, already signed by Updegraff and Colwell, sometime between July 3 and 17, 1972, and signed it, dissenting. The Award of the Board of Arbitrators was issued on or about July 3, 1972 and was served upon and received by the Union sometime between then and July 17, 1972.

6. Prior to issuance of the Award, the Union failed to object to any delay in the issuance of said Award, and it suffered no prejudice as a result of the Award not issuing within 30 days of the February 4, 1972 executive session of the Board of Arbitration.

7. On August 31, 1972, the Union by its attorneys, Schwartz, Steinsapir and Dohrmann objected by letter to Professor Updegraff that no Award had issued.

### Conclusions of Law

1. The Award dated July 3, 1972, issued by C. M. Updegraff and concurred in by R. E. Colwell, constitutes the final Award and Opinion in the grievance of James Starner filed by IUPIW against Standard, and is final and binding on the parties.

2. The Award dated July 3, 1972, issued by C. M. Updegraff and concurred in by R. E. Colwell, finds its essence in the collective bargaining agreement and section 8 of the Supplemental Agreement thereto; and the rights and obligations of the parties to said Agreement

are declared to be as determined in said Award.

3. The Union waived any objections it may have had to the timeliness of said Award and, in any event, was not prejudiced thereby.

4. The Award as issued complies fully with the requirements of the Federal common law as developed pursuant to 29 U.S.C. § 185(a), Steelworkers v. Enterprise Corporation, 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960), West Rock Lodge No. 2120, I. A. of M. & A. W. v. Geometric Tool Co., 406 F. 2d 284 (2d Cir. 1968), and is fully enforceable thereunder.

5. The Award was timely issued and served within the meaning of the California Code of Civil Procedure sections 1280–1294 and is fully enforceable thereunder. Howerton v. J. Christenson Co. 76 LRRM 2937 (N.D.Cal. 1971); United Brotherhood of Carpenters, etc., Local 642 v. DeMello 22 Cal. App.3d 838, 100 Cal.Rptr. 564 (1972); Murry v. Civil Service Employees Ins. Co., 254 Cal.App.2d 796, 62 Cal.Rptr. 658 (1967).