[Civ. No. 16877.   First Dist., Div. One.   Oct. 11, 1956.]

LORENZO PUCCINELLI et al., Appellants, v. BERNARD NESTOR et al., Respondents.

Albert Picard for Appellants.

Gupta & Gupta for Respondents.

PETERS, P. J.—The plaintiffs appeal from an "Order Confirming Award of Arbitrators and Judgment of the Same." The appeal is on a minimum clerk's transcript.   The only point raised is that the order and judgment were entered in a proceeding in which the applicants for the order failed to attach physically to their application the supporting documents required by section 1291 of the Code of Civil Procedure. That section provides:

"Upon the granting of an order confirming, modifying or correcting an award, judgment may be entered in conformity therewith in the court wherein said application was filed.

"The party applying for an order confirming, modifying, or correcting an award shall attach to such application copies of the following papers, to wit:   the agreement; the selection or appointment of the arbitrator or arbitrators and the umpire, if any; the selection or appointment, if any, of any additional

arbitrator or umpire; each written extension of the time, if any, within which to make the award; and the award.

"The judgment when rendered by the court shall be docketed as if it were rendered in an action."

The facts as disclosed by the clerk's transcript are as follows: On April 29, 1955, the respondents filed an application for an order confirming the award of arbitrators. This application, so far as pertinent here, alleges that appellants, on April 19, 1954, filed an action against respondents for the dissolution of a partnership and for declaratory relief, and respondents filed an answer thereto; that on December 28, 1954, the parties entered into a stipulated agreement to arbitrate the controversy, which agreement was "filed herein by the parties in these proceedings on March 17, 1955, which is incorporated by reference as if set forth *in haec verba*"; that pursuant to this agreement named arbitrators were appointed by the parties; that the agreement provided that the parties would comply with the terms of the award within 14 days after it was made, and that the determination of the arbitrators was to be binding; that the arbitrators made their award on February 21, 1955, and delivered the same to the parties; that an acknowledged copy of the award "was filed in this action in this court on April 5, 1955, and is made a part hereof by reference as if set forth *in haec verba*"; that more than 14 days have passed since the award was made, but appellants refuse to perform even though respondents are willing to perform.

The trial court issued its order and judgment confirming the award on May 12, 1955, the order reciting that the application for the confirmation order incorporated "copies of papers included in the file of this action," and had been properly served on all parties.

■■ Appellants' sole contention is that the documents mentioned in section 1291 of the Code of Civil Procedure were not physically attached to the application for the confirmation order, and therefore, so it is argued, the court was without power to entertain the application. No other attack is made on the award or the order confirming it.

The point lacks merit. The record before this court indicates that the required papers were all in the file of the action, that the trial judge knew this and had examined the file, and that the basic documents were incorporated by reference into the application. The purpose of the code section is to be sure that the trial judge has access to the arbitration agreement,

the names of the arbitrators and the award. Here the trial judge had such access. There is nothing in the record to show that appellants ever objected in the trial court to the failure to attach physically the enumerated documents, nor do they point out how they were prejudiced by such failure. Under such circumstances, there was substantial compliance with section 1291, and that is all that is required.

The order and judgment appealed from are affirmed.

Bray, J., and Wood (Fred B.), J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied December 5, 1956.