[Civ. No. 23694. First Dist., Div. Two. Apr. 18, 1968.]

STEPHEN HORN, Plaintiff and Respondent, v. ALBERT GUREWITZ, Defendant and Appellant.

Cerf, Robinson & Leland and Marvel J. Carter for Defendant and Appellant.

Rubenstein & Hawkins and Vernon A. Harris for Plaintiff and Respondent.

TAYLOR, J.—On this appeal from a judgment confirming an arbitration award, the contentions are that no arbitration proceeding took place as only written agreements to arbitrate are enforceable; that the summary hearing of the trial court did not conform to the statute and prevented appellant from showing that he was deprived of due process of law.

Appellant and respondent are insurance brokers who became involved in a dispute over the payment of certain return commissions. These commissions in the amount of $1,424.28 became payable to the insured after certain policies, originally placed by respondent, were cancelled by appellant as the new broker for the insured. As the parties are members of the Insurance Brokers Association of California (hereafter Association), they orally agreed to submit their dispute to the Association's Grievance Committee (hereafter Committee) and likewise orally agreed to abide by the Committee's decision. At a duly noticed hearing on March 11, 1965, appellant and respondent personally submitted the matter to the eight-member Committee.

On March 15, 1965, the Committee rendered its written decision (set forth in full below)[1] in favor of respondent. On

---

[1] "In accordance with Rule V of the Guilding Principles of the Insurance Brokers Association of California reading as follows: 'All controversial situations involving commission where there is a change in brokers, whether or not such situations are provided for in these rules, may be referred by the members involved in the controversy, to the Grievance Committee of the Insurance Brokers Association of California,' it was the unanimous judgment of the Grievance Committee that the ethics and equity involved in this case would best be served by the new broker, who now enjoys the account, absorbing the return commissions in question."

November 9, 1965, respondent filed his verified petition for confirmation of the award, setting forth the above facts and attaching a copy of the Committee's decision quoted below.

Appellant's verified response to the petition conceded the existence of dispute and the oral agreement to submit the matter to the Committee, but averred that: he never consented or conceded that the Committee was acting as a board of arbitration or had any powers to so act; that he was never informed that the Committee would so act; he was not informed of his right to counsel or his right to have witnesses present; and, therefore, was deprived of an opportunity to present his evidence to the Committee. The trial court found that appellant's allegations were not true; that the Committee had acted as a board of arbitration in settling a dispute properly submitted, and entered its judgment confirming the award in favor of respondent.

■ Appellant's contention that only written agreements to arbitrate are enforceable misconstrues the import of the instant proceeding. The California Arbitration Act (Code Civ. Proc., §§ 1280-1294.2, hereafter statutes) encompasses two distinct kinds of proceedings: enforcement of agreements to arbitrate (Code Civ. Proc., §§ 1281-1281.6) and enforcement of written awards in disputes orally or otherwise submitted (Code Civ. Proc., §§ 1285-1287). The statutory definition of "award," as rewritten by the California Law Revision Commission in 1960 and enacted without change by the Legislature in 1961, provides: "As used in this title: . . . . (b) 'Award' includes but is not limited to an award made pursuant to an agreement not in writing." (Code Civ. Proc., § 1280, subd. (b), as amended by Stats. 1961, ch. 461, § 2, p. 1540.) Although the language has not previously been construed, the Law Revision Commission's comment (set forth below)[2] leaves no doubt that the purpose of the 1961

---

[2] "6. A written award made pursuant to an oral arbitration agreement should be subject to confirmation, correction or vacation under the arbitration statute. At present, oral arbitration agreements are not specifically enforceable, but an award made pursuant to such an agreement is enforceable as a contract. There is, however, no provision in the arbitration statute for enforcing or attacking an award made pursuant to an oral agreement. The Commission does not recommend a change in the policy of refusing specific enforcement of oral arbitration agreements. *But there is no reason to deny the parties to such an agreement the right to utilize the summary procedures available under the arbitration statute after a written award has been made.*" (Italics supplied.) (Cal. Law Revision Com., December 1960, Recommendation and Study Relating to Arbitration, p. G-10.)

amendment was to make enforceable written awards made pursuant to an oral agreement.

We turn next to the relevant portions of the statute relating to the enforcement of awards. Section 1285 provides: ''Any party to an arbitration in which an award has been made may petition the court to confirm, correct or vacate the award. The petition shall name as respondents all parties to the arbitration and may name as respondents any other persons bound by the arbitration award.'' Significantly, this section is not limited to any particular kind of award, and can only be construed in accordance with the definition of ''award'' quoted above. Section 1285.2 provides: ''A response to a petition under this chapter may request the court to dismiss the petition or to confirm, correct or vacate the award.''

Sections 1285.4 and 1285.6 set forth the requisites of the petition and response which are identical. Each shall: '' (a) Set forth the substance of or have attached a copy of the agreement to arbitrate unless the respondent denies the existence of such an agreement. (b) Set forth the names of the arbitrators. (c) Set forth or have attached a copy of the award and the written opinion of the arbitrators, if any.'' ■ Appellant erroneously argues that the first requirement relating to the written agreement buttresses his contention that only written agreements are enforceable. A careful reading of the section, however, discloses that the requirement is either the substance of the agreement or a copy thereof, unless the existence of the agreement is denied. Here, the substance of the agreement was properly set forth by the petition, as was a copy of the written award. This interpretation of section 1285.6 is consistent with the above interpretation of section 1285 to include written awards based on oral agreements, like the one in the instant case.

■ Appellant also argues that the written award here was not an arbitration award as it was not specifically designated as such. However, all that the statute requires with respect to the form and contents of an award is set forth in section 1283.4 as follows: ''The award shall be in writing and signed by the arbitrators concurring therein. It shall include a determination of all the questions submitted to the arbitrators the decision of which is necessary in order to determine the controversy.'' The award in the instant case clearly meets each and all of the three requirements of this section.

■ Section 1285.8 provides that both the petition and.

response state the grounds for relief. Section 1286 then sets forth the extent of relief available as follows: "If a petition or response under this chapter is duly served and filed, the court shall confirm the award as made unless in accordance with this chapter it corrects the award and confirms it as corrected, vacates the award or dismisses the proceeding." The four alternatives are the only choices available to the. court in a confirmation proceeding. Furthermore, the final alternative of dismissal is available only after the court deter-. mines that such person was not bound by the arbitration award and was not a party to the arbitration (Code . Civ. Proc., § 1287.2; *Murry* v. *Civil Service Employees Ins. Co.,* 254 Cal.App.2d 796 [62 Cal.Rptr. 659]). Obviously, appellant here, having admitted submission of the dispute, is not such a person. In view of the admitted submission, appellant's argument that he had no choice in the selection of the arbitrators, is equally without merit.

As appellant does not claim that the award before us should be corrected, he necessarily is asking that the award be vacated. However, vacation of an award may be had in a confirmation proceeding only on proof of one of five statutory grounds set forth in section 1286.2, quoted below.[3] An examination of these grounds indicates that appellant is relying only on the last one.

---

[3]Section 1286.2: "Subject to Section 1286.4, the court shall vacate the award if the court determines that:

"(a) The award was procured by corruption, fraud or other undue means;

"(b) There was corruption in any of the arbitrators;

"(c) The rights of such party were substantially prejudiced by misconduct of a neutral arbitrator;

"(d) The arbitrators exceeded their powers and the award cannot be corrected without affecting the merits of the decision upon the controversy submitted; or

"(e) The rights of such party were substantially prejudiced by the refusal of the arbitrators to postpone the hearing upon sufficient cause being shown therefor or by the refusal of the arbitrators to hear evidence material to the controversy or by other conduct of the arbitrators contrary to the provisions of this title."

Section 1286.4: "The court may not vacate an award unless:

"(a) A petition or response requesting that the award be vacated has been duly served and filed; or

"(b) A petition or response requesting that the award be corrected has been duly served and filed and:

"(1) All petitioners and respondents are before the court; or

"(2) All petitioners and respondents have been given reasonable notice that the court will be requested at the hearing to vacate the award or that the court on its own motion has determined to vacate the award and all petitioners and respondents have been given an opportunity to show why the award should not be vacated."

■ This brings us to his contention that the court, by failing to follow the proper procedure required by section 1290.2 (set forth below),[4] deprived him of an opportunity to show that he was deprived of due process at the proceedings before the Committee. Appellant erroneously argues that the use of the term "summary proceedings" required the court to obtain affidavits as in proceedings on a motion for summary judgment. We note, however, that the 1961 enactment of section 1190.2 left unchanged the substance of the prior statute[5] under which it was held that unless evidence is proffered, the hearing is presumed to have been conducted without error in the exclusion of evidence (*Beckett* v. *Kaynar Mfg. Co., Inc.*, 49 Cal.2d 695 [321 P.2d 749]). The record does not indicate that appellant made any offer to indicate to the trial court what evidence had been excluded to his detriment. As on this appeal, he maintained that he did not know the Committee proceedings were arbitration. The trial court chose to believe respondent's assertion that the submission was made with the knowledge that the Committee would act as a board of arbitration.

■ Arbitration proceedings by voluntary acts of the parties are favored by the courts of this state and all that is necessary to support an award is substantial compliance with the applicable statute (*Puccinelli* v. *Nestor*, 145 Cal.App.2d 48 [301 P.2d 921]). ■ The statute is remedial in nature and is to be liberally construed (*Accito* v. *Matmor Canning Co., Inc.*, 128 Cal.App.2d 631 [276 P.2d 34]; *Goossen* v. *Adair*, 185 Cal.App.2d 810, 823 [8 Cal.Rptr. 855]). ■ Under the statute, both superior and appellate courts must give every intendment of validity to the award and the burden is on the party claiming error to support his claim (*Griffith Co.* v. *San Diego College for Women*, 45 Cal.2d 501 [289 P.2d 476, 47 A.L.R.2d 1349]).

■ Neither the merits of the dispute nor the sufficiency of the evidence are reviewable by either a trial or an appellate

---

[4]Section 1290.2: "A petition under this title shall be heard in a summary way in the manner and upon the notice provided by law for the making and hearing of motions, except that not less than 10 days' notice of the date set for the hearing on the petition shall be given."

[5]Formerly section 1285 read: "Any application made under the authority of this act shall be heard in a summary way in the manner provided by law for the making and hearing of motions, except as otherwise herein expressly provided." (Enacted 1872; amended by Stats. 1927, ch. 225, § 6, p. 405. Based on Practice Act § 384 (Stats. 1851, ch. 5, § 384, p. 112.))

262

court, and it is presumed that all issues in the dispute were heard and decided by the arbitrators (*O'Malley* v. *Petroleum Maintenance Co.*, 48 Cal.2d 107 [308 P.2d 9]; *Griffith Co.* v. *San Diego College for Women, supra*; *Krautner* v. *Johnson,* 189 Cal.App.2d 717 [11 Cal.Rptr. 417]). We conclude that the trial court's conduct of the hearing and resolution of the issues was proper and correct.

 As to the purported deprivation of due process because appellant was not represented by counsel before the Committee, we noted in *Krautner* v. *Johnson, supra,* arbitration does not require the formality of judicial proceedings. Parties who agree to arbitration may expect not only to reap the advantages that flow from the use of that nontechnical, summary procedure, but also to find themselves bound by an award reached by paths neither marked nor traceable and not subject to judicial review.

Affirmed.

Shoemaker, P. J., and Agee, J., concurred.