[Civ. No. 9110.    Fourth Dist., Div. One.    Apr. 11, 1969.]

CANADIAN INDEMNITY COMPANY, Plaintiff and Appellant, v. FRANCIS OHM, Defendant and Respondent.

Buck, Burrows & Smith and Peter Burrows for Plaintiff and Appellant.

Seltzer, Caplan, Wilkins & McMahon and Gerald L. McMahon for Defendant and Respondent.

BROWN (Gerald), P. J.—Canadian Indemnity Company, fire insurance carrier for Francis Ohm, appeals from a judgment confirming an arbitration award determining the amount of a fire loss to Ohm's residence.

The fire insurance policy Canadian issued to Ohm contains an ''appraisal'' clause providing:

''APPRAISAL. In case the insured and this company shall fail to agree as to the actual cash value or the amount of loss, then, on the written demand of either, each shall select a competent and disinterested appraiser and notify the other of the appraiser selected within 20 days of such demand. The appraisers shall first select a competent and disinterested umpire; and failing for 15 days to agree upon such umpire, then, on request of the insured or this company, such umpire shall be selected by a judge of a court of record in the state in which the property covered is located. The appraisers shall then appraise the loss, stating separately actual cash value and loss to each item; and, failing to agree, shall submit their differences, only, to the umpire. An award in writing, so item-

ized, of any two when filed with this company shall determine the amount of actual cash value and loss. Each appraiser shall be paid by the party selecting him and the expenses of appraisal and umpire shall be paid by the parties equally."

On July 6, 1966, a fire gutted Ohm's residence which was covered by Canadian's policy. Ohm and Canadian's appraisers were unable to agree on the amount of loss Ohm sustained. Canadian demanded appraisal under the above policy provision and Ohm agreed to submit the matter to appraisers.

Ohm selected Linn W. Coffey and Canadian selected Charles W. Smith as appraisers. The appraisers each nominated an umpire. The appraisers agreed both umpire nominees were competent and qualified. A coin flip determined George E. Davidson would act as umpire.

Smith and Coffey made independent appraisals which were at a considerable variance. Umpire Davidson met with Coffey and Smith at the fire site. The appraisers conceded they were too far apart in their estimates to get together. Smith and Coffey submitted to Davidson their differences, comprised of most all the items in their appraisals. Both Smith and Coffey submitted written analyses of their differences to the umpire.

Davidson made several trips to Ohm's house to survey the damage, consulted the appraisers' estimates and independently obtained bids from subcontractors.

On February 3, 1967, Davidson presided at a hearing attended by the appraisers. Notice of the hearing was sent to the parties but no evidence was presented by Ohm or Canadian. Davidson made a written appraisal of the repair and replacement costs caused by the fire damage to Ohm's house. Coffey concurred in this appraisal but Smith refused to sign it. An award in the amount of $52,920.70 replacement value and $33,016.78 repair cost based on Davidson's appraisal was signed by Davidson and Coffey and served on the parties.

That the appraisal procedure provided in Ohm's insurance policy constituted an arbitration agreement, governed by California Code of Civil Procedure, section 1280 *et seq.* is not questioned by either party.

Canadian filed a petition in the superior court to vacate the award of the aribtrators contending there, as it does on appeal, the award should be set aside because Coffey and Davidson were not disinterested and impartial arbitrators and Davidson was guilty of misconduct because he based his award on evidence obtained outside the hearing without giv-

ing notice to the parties he intended to so base his award (Code Civ. Proc., § 1282.2 subd. (g)). Canadian also contends on appeal the trial court erroneously excluded evidence of other damage repair estimates.

Voluntary arbitration proceedings are favored by the courts and all that is necessary to support an award is substantial compliance with the applicable statute. Both the superior and appellate courts must give every intendment of validity to the award and neither the merits of the dispute nor the sufficiency of the evidence are reviewable by either a trial or an appellate court. It is presumed all issues in the dispute were heard and decided by the arbitrators. (*Horn* v. *Gurewitz*, 261 Cal.App.2d 255, 262 [67 Cal.Rptr. 791].)

The sole grounds for vacating an arbitration award are those set forth in Code of Civil Procedure, section 1286.2 (*National Union Fire Ins. Co.* v. *Superior Court*, 252 Cal.App. 2d 568, 571 [60 Cal.Rptr. 535]). These grounds are:

"(a) The award was procured by corruption, fraud or other undue means;

"(b) There was corruption in any of the arbitrators;

"(c) The rights of such party were substantially prejudiced by misconduct of a neutral arbitrator;

"(d) The arbitrators exceeded their powers and the award cannot be corrected without affecting the merits of the decision upon the controversy submitted; or

"(e) The rights of such party were substantially prejudiced by the refusal of the arbitrators to postpone the hearing upon sufficient cause being shown therefor or by the refusal of the arbitrators to hear evidence material to the controversy or by other conduct of the arbitrators contrary to the provisions of this title."

Canadian claims Coffey was guilty of corruption and the award was procured by corruption, fraud or other undue means within the meaning of Code of Civil Procedure, section 1286.2, subdivisions (a) and (b). The claims of fraud and corruption on Coffey's part are based upon Coffey's testimony Ohm asked him if he would "undertake to represent him (Ohm) as one of the parties in the arbitration." Coffey was asked if Ohm engaged him "to represent his interests in this matter?" Coffey answered yes. While the record shows Ohm asked Coffey to represent his interests, it does not show Coffey agreed to act as an advocate for Ohm. To the contrary Coffey said: "If I did it (act as appraiser), I would go into a detailed analysis of it and I didn't know how it was going to

come out, so whatever came out the other end, that was it.'' Even had Coffey acknowledged he intended to represent Ohm's interest (a rather strained inference based alone on Ohm's request he do so) it would not necessarily follow he acted with partiality or favoritism to Ohm. One may represent an interest by seeking a fair, impartial award as that is the legitimate interest of both parties to an arbitration.

Canadian, in a scatter gun presentation, contends Coffey's alleged corruption is established by evidence he started his appraisal before signing an appraiser's oath (Ohm had asked he get at it right away to minimize expense because Ohm had limited coverage for rental expenses); he conferred with Ohm's attorney regarding procedures and format of his appraisal and the award (none of the substance of the appraisal or award was supplied by the attorney); he knew Ohm on a personal and business basis; he was a business associate of Davidson; and he typed the award prepared by Davidson (Davidson said he ''furnished all the meat of it, too, all the information—every figure.''). The matters referred to by Canadian fall short of establishing fraud, corruption, or even partiality as a matter of law. The trial court's findings against Canadian's contention is supported by reasonable inferences from substantial evidence.

Canadian claims Coffey exceeded the powers granted him under the arbitration agreement, because he did not act as an impartial or disinterested appraiser. Canadian's argument runs upon the shoals of the court's findings, based on substantial evidence, Coffey was competent, disinterested and did not exceed the powers assigned to him in the agreement.

■ Canadian contends Davidson's independent investigation of the loss and his securing bids from outside sources constituted misconduct by a neutral arbitrator requiring the award be vacated. Code of Civil Procedure, section 1282.2, subdivision (g) provides: ''(g) If a neutral arbitrator intends to base an award upon information not obtained at the hearing, he shall disclose such information to all parties to the arbitration and give the parties an opportunity to meet it.'' Before an award may be vacated for violating this rule regarding conduct of arbitration proceedings, it must be shown the rights of the complaining party were substantially prejudiced (Code Civ. Proc., § 1286.2 subds. (c) and (e)).

■ Canadian has failed to sustain its burden of showing it was prejudiced by Davidson's independent investigation. It has not shown Davidson relied on false or inflated cost factors

or other erroneous information. Canadian claims it could have produced evidence at the arbitration hearing to meet the independent evidence had it had the notice required by Code of Civil Procedure, section 1282.2, subdivision (g). Canadian had the opportunity to produce such evidence at the trial to establish prejudice, but failed to do so.

■ Canadian sought to introduce repair estimates by two contractors concerning Ohm's home made before the arbitration and which were substantially less than the arbitration award. The court allowed the written estimates to be marked for identification and the contractors examined on their qualifications and concerning their estimates. At the conclusion of the trial the court granted Ohm's motion to strike the contractors' testimony.

The trial court correctly rejected evidence of other estimates. Neither sufficiency of the evidence to support the award nor the merits of the dispute were issues in the trial. (*Morris* v. *Zuckerman,* 69 Cal.2d 686, 691 [72 Cal.Rptr. 880, 446 P.2d 1000]; *Horn* v. *Gurewitz, supra,* 261 Cal.App. 2d 255, 262.) That other estimators may disagree substantially with the arbitrators is not relevant to establish fraud or curruption on the arbitrators' part.

■ Canadian now claims the rejected contractors' estimates should have been allowed in evidence to show it had other evidence to offer at the arbitration hearing had it known Davidson would rely on outside information. The estimates were not offered for this purpose at the trial, but were offered to show corruption and fraud of the arbitrators. No foundation was laid to show which portions of Davidson's appraisal were based on outside information and no attempt was made to establish Davidson's information was incorrect by reference to the rejected contractors' estimates or otherwise. It was not error to reject the offered evidence; if it were error, it was not prejudicial.

■ In *B.S.B. Constr. Co.* v. *Rex Constr. Co.,* 200 Cal.App. 2d 327, 334 [19 Cal.Rptr. 167], the court aptly notes: ''The parties to an arbitration provision agree that they will be bound by the decision of the arbitrators on the matters submitted for arbitration whether that decision determines disputed questions of law or fact, and whether it is right or wrong.''

*Horn* v. *Gurewitz, supra,* 261 Cal.App.2d 255, 262, tells us arbitration does not require the formality of judicial proceedings and: ''Parties who agree to arbitration may expect not

only to reap the advantages that flow from the use of that nontechnical, summary procedure, but also to find themselves bound by an award reached by paths neither marked nor traceable and not subject to judicial review.''

Judgment affirmed.

Coughlin, J., and Whelan, J., concurred.

A petition for a rehearing was denied April 29, 1969, and appellant's petition for a hearing by the Supreme Court was denied June 4, 1969.