[Civ. No. 29919. First Dist., Div. Four. Jan. 13, 1972.]

UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA, LOCAL 642, AFL-CIO, Plaintiff and Respondent, v. FRANK DeMELLO et al., Defendants and Appellants.

**COUNSEL**

Joseph H. Inglese for Defendants and Appellants.

Levy & Van Bourg, Victor J. Van Bourg and Michael B. Roger for Plaintiff and Respondent.

**OPINION**

**DEVINE, P. J.**—The superior court confirmed an arbitration award of $2,850 made by the Joint Adjustment Board in favor of respondent union and against appellant, an individual employer, under the terms of a collective bargaining agreement. Written notice of the award was sent to appellant, but it was not signed by all of the members of the board, as required by Code of Civil Procedure section 1283.4, but by one member only. Because appellant had not appeared at the hearing (apparently he was ill), another hearing was granted, with the same result. There was no formal award at this hearing; appellant was advised by letter that the board had upheld its prior award. ■■■ Appellant contends that the award is invalid because of nonconformance with section 1283.4.

The award did not conform with the statute. In *Horn* v. *Gurewitz,* 261 Cal.App.2d 255 [67 Cal.Rptr. 791], and *Murry* v. *Civil Service Employees Ins. Co.,* 254 Cal.App.2d 796 [62 Cal.Rptr. 659], reference is made to the requirement of signatures of the arbitrators, but in these cases the awards had been properly signed. We hold that the irregularity does not vitiate the award because:

1. Courts must give every intendment to validity of an arbitration award. (*Griffith Co.* v. *San Diego Col. for Women,* 45 Cal.2d 501 [289 P.2d 476, 47 A.L.R.2d 1349].)

■ 2. The trial court has but four courses of conduct once a confirmation proceeding is initiated: 1) to confirm, 2) to correct and confirm, 3) to vacate, 4) to dismiss, where a respondent is not a party to the award or is not bound by the arbitration agreement. (*Murry* v. *Civil Service Employees Ins. Co., supra,* at pp. 800-801.)

■ The only one which could apply here for appellant's benefit is No. 3, vacating the award. But to succeed in having an award vacated, a party must demonstrate that his ground is supported by the provisions of Code of Civil Procedure section 1286.2. (*Horn* v. *Gurewitz, supra,* 261 Cal.App.2d at p. 260; *Canadian Indem. Co.* v. *Ohm,* 271 Cal.App.2d 703, 708 [76 Cal.Rptr. 902].) The party must show substantial prejudice (*Turner* v. *Cox,* 196 Cal.App.2d 596, 603 [16 Cal.Rptr. 644]), and this is so even though the protested irregularity involves some violation of an applicable statute. (*Canadian Indem. Co.* v. *Ohm, supra,* at p. 708.) Appellant has shown no prejudice from the mere irregularity. The result of the second hearing argues persuasively against prejudice, if there were any evidence on the side of detrimental effect.

The order confirming the arbitration award is affirmed.

Rattigan, J., and Bray, J.,* concurred.

---

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.