113 Cal.App.3d 838 (1980)
170 Cal. Rptr. 349
SHERWOOD RODRIGUES, Plaintiff and Appellant,
v.
JAMES KELLER et al., Defendants and Respondents.
Docket No. 46304.
Court of Appeals of California, First District, Division One.
December 23, 1980.
*839 COUNSEL
Frederick L. Grundy for Plaintiff and Appellant.
James G. Lea and Miller & Lea for Defendants and Respondents.
*840 OPINION
GRODIN, J.
The parties herein were partners in a firm which provided public accounting and computer services. Their partnership agreement contained provision for settlement of "[a]ny and all disputes, arising in or under this agreement," by arbitration pursuant to the rules of the American Arbitration Association. In 1976 the partnership dissolved, certain disputes arising out of the dissolution were submitted to arbitration, and after extensive hearings the arbitrator rendered an award. Appellant then sought by petition in the trial court to have the award vacated on various grounds. This appeal is from the order of the trial court dismissing that petition. (Code Civ. Proc., § 1294, subd. (b).)
(1a) Appellant's principal contention on appeal is that the trial court should have vacated the award because (he claims) the award failed to resolve all issues submitted for decision. This was the common law rule (cf. Muldrow v. Norris (1859) 12 Cal. 331), embodied, at least in part, in California's first comprehensive arbitration statute, adopted in 1927. That statute made provision for vacating an award "[w]here the arbitrators exceeded their powers, or so imperfectly executed them, that a mutual, final and definite award, upon the subject matter submitted, was not made." (Former Code Civ. Proc., § 1288, subd. (d), Stats. 1927, ch. 225, § 9, p. 406. See Film Technicians v. Color Corp. America (1956) 141 Cal. App.2d 553, 555-556 [297 P.2d 86]; cf. Sapp v. Barenfeld (1949) 34 Cal.2d 515, 522-523 [212 P.2d 233].)
The current arbitration statute, adopted in 1961, omitted that language from section 1286.2, which lists the grounds upon which an award may be vacated.[1] A new section, however (Code Civ. Proc., § 1283.4), provides that "[t]he award shall be in writing and signed by the arbitrators concurring therein. It shall include a determination of all the questions submitted to the arbitrators the decision of which is necessary *841 in order to determine the controversy." It has been held that where the record shows that an issue has been submitted to an arbitrator and that he totally failed to consider it, such failure may constitute "other conduct of the arbitrators contrary to the provisions of this title" justifying vacation of the award under section 1286.2, subdivision (e). (Banks v. Milwaukee Ins. Co. (1966) 247 Cal. App.2d 34, 38-40 [55 Cal. Rptr. 139, 36 A.L.R.3d 933]. And see M.B. Zaninovich, Inc. v. Teamster Farmworker Local Union 946 (1978) 86 Cal. App.3d 410, 414-416 [150 Cal. Rptr. 233]; cf. National Union Fire Ins. Co. v. Superior Court (1967) 252 Cal. App.2d 568, 571 [60 Cal. Rptr. 535]; Lovret v. Seyfarth (1972) 22 Cal. App.3d 841 [101 Cal. Rptr. 143]; Jones v. Kvistad (1971) 19 Cal. App.3d 836, 841 [97 Cal. Rptr. 100]; Safeway Stores, Inc. v. Brotherhood of Teamsters (1978) 83 Cal. App.3d 430, 440, fn. 4 [147 Cal. Rptr. 835].)
Characterizing of an arbitrator's omission to determine all questions submitted for decision as grounds for vacating an award may produce severe consequences. Under the former statute, where an award was vacated on similar grounds, the court remanded the dispute to the same arbitrators for redetermination. (Former Code Civ. Proc., § 1288, Stats. 1927, ch. 225, § 9. See Film Technicians v. Color Corp. America, supra, 141 Cal. App.2d 553.) Under the current statute, where an award is vacated on grounds set forth in subdivision (d) or (e) of section 1286.2 the court may order a rehearing before the original arbitrators only with the consent of the parties. (Code Civ. Proc., § 1287.) The result, in a case such as this, would be to allow the party who successfully attacked the award on grounds of incompleteness to have a second bite at the whole apple. (See M.B. Zaninovich, Inc. v. Teamster Farmworker Local Union 946, supra, 86 Cal. App.3d 410, 416, fn. 6, in which the court "strongly urged" that the Legislature consider amending this provision.)
These practical considerations, together with the deliberate modification in 1961 of the statutory grounds for vacating an award, lead us to question whether the Legislature intended that an award be vacated in all cases in which it is found that the arbitrator failed to determine all the questions submitted. We note, for example, that failure of all arbitrators concurring in the award to sign it, as also required by section 1283.4, is not considered to be fatal to the award in the absence of prejudice (United Brotherhood of Carpenters etc., Local 642 v. DeMello (1972) 22 Cal. App.3d 838, 840 [100 Cal. Rptr. 564]) and the *842 same is true of other conduct on the part of arbitrators which departs from statutory requirements (Canadian Indem. Co. v. Ohm (1969) 271 Cal. App.2d 703, 708 [76 Cal. Rptr. 902]). We note also that in some jurisdictions an award which fails to determine all questions submitted is treated as an incomplete award, with the result that the court remands the dispute to the same arbitrator so that he can complete his assignment. (La Vale Plaza, Inc. v. R.S. Noonan, Inc. (3d Cir.1967) 378 F.2d 569, 572; and see Annots. (1971) 36 A.L.R.3d 649, 939 and 37 A.L.R.3d 200.)[2] Arguably a similar principle would be compatible with the California statute in cases where the omitted issue is severable in such a way that partial remand would not prejudice the legitimate interests of any party.
It is unnecessary for us to decide that question in this case, however, for here, unlike the situation in cases where the award has been vacated, the record does not demonstrate that any issue was submitted to the arbitrator which he totally failed to consider.
Four principles guide our determination. (2) First, it is presumed that all issues submitted for decision have been passed on and resolved, and the burden of proving otherwise is upon the party challenging the award. (Lauria v. Soriano (1960) 180 Cal. App.2d 163, 168 [4 Cal. Rptr. 328]; Ulene v. Murray Millman of California (1959) 175 Cal. App.2d 655, 662 [346 P.2d 494].)
Second, to discharge that burden, the party attacking the award must demonstrate that a particular claim was expressly raised at some time before the award (Sapp v. Barenfeld, supra, 34 Cal.2d 515, 523), and that the arbitrator failed to consider it (National Union Fire Ins. Co. v. Superior Court, supra, 252 Cal. App.2d 568, 572).
*843 (3) Third, the failure of an arbitrator to make a finding on even an express claim does not invalidate the award, so long as the award "serves to settle the entire controversy" (Sapp v. Barenfeld, supra, 34 Cal.2d 515, 522-523). This is a corollary of the proposition that arbitrators are not obliged to find facts or give reasons for their award (ibid., disapproving dictum to the contrary in Muldrow v. Norris, supra, 12 Cal. 331). Thus, "[a] decision simply that one of the parties should pay the other a sum of money is sufficiently determinative of all items embraced in the submission." (Ibid.)
(4a) Finally, there is the principle that the merits of the controversy are for the arbitrator, not for the courts. It is not appropriate for courts to review the sufficiency of the evidence before the arbitrator (Morris v. Zuckerman (1968) 69 Cal.2d 686, 691 [72 Cal. Rptr. 880, 446 P.2d 1000]) or to pass upon the validity of the arbitrator's reasoning (American & Nat. etc. Baseball Clubs v. Major League Baseball Players Assn. (1976) 59 Cal. App.3d 493, 498 [130 Cal. Rptr. 626]; Santa Clara-San Benito etc. Elec. Contractors' Assn. v. Local Union No. 332 (1974) 40 Cal. App.3d 431, 437 [114 Cal. Rptr. 909]). (5) Arbitrators may apply both legal and equitable principles in deciding the ultimate issue submitted to them (Morris v. Zuckerman, supra, 69 Cal.2d at p. 691), and unless specifically required to act in conformity with rules of law may base their decision upon broad principles of justice and equity (Sapp v. Barenfeld, supra, 34 Cal.2d 515, 523). (4b) Even where the arbitrator is called upon to apply a rule of law external to the agreement of the parties, his award is not subject to review for legal error. (Lindholm v. Galvin (1979) 95 Cal. App.3d 443, 450-451 [157 Cal. Rptr. 167], and cases cited).[3]
*844 (1b) Appellant's claim of incompleteness is captious in the extreme. One object of his attack is the arbitrator's determination that while a business entity known as Paramount Tax Service (the nature of which does not appear from the record) is the separate property of Mr. Rodrigues and not a partnership asset, by the terms of the partnership agreement its income and ongoing expenses were partnership obligations and assets during the length of the partnership. Appellant contends, in this regard, that he is "unable to find this provision in the partnership agreement." Quite obviously the arbitrator "found" it there, however, through a process of construction, and under the above-stated principles his determination is binding upon the parties and upon the courts.[4]
In connection also with Paramount Tax Service, appellant asks, "what obligations of Paramount Tax Service are obligations of the partnership, those when partnership started or only those subsequent to forming partnership or both"? Asking such a rhetorical question without reference to issues submitted or the record hardly begins to satisfy appellant's burden of demonstrating that the arbitrator failed to decide a submitted issue.[5]
Appellant complains that the award fails to indicate whether the partners made equal contributions to the partnership. The complaint is not supported by any claim that they did not, or that this was an issue posed to the arbitrator. In any event, the award resolves the issue by determining that upon payment of the partnership debts as defined in the award, accounts shall be equalized. (Sapp v. Barenfeld, supra, 34 Cal.2d 515.)
Finally the appellant's brief includes a list of complaints, apparently prepared by appellant himself in the form of a letter bearing his signature. These complaints are not supported by any citation to the record, and generally state objections to the arbitrator's findings and conclusions *845 which, as we have said, are not a proper subject for judicial review.
Affirmed.
Elkington, Acting P.J., and Newsom, J., concurred.
NOTES
[1] Section 1286.2 provides: "Subject to Section 1286.4, the court shall vacate the award if the court determines that:

"(a) The award was procured by corruption, fraud or other undue means;
"(b) There was corruption in any of the arbitrators;
"(c) The rights of such party were substantially prejudiced by misconduct of a neutral arbitrator;
"(d) The arbitrators exceeded their powers and the award cannot be corrected without affecting the merits of the decision upon the controversy submitted; or
"(e) The rights of such party were substantially prejudiced by the refusal of the arbitrators to postpone the hearing upon sufficient cause being shown therefor or by the refusal of the arbitrators to hear evidence material to the controversy or by other conduct of the arbitrators contrary to the provisions of this title."
[2] The court in La Vale Plaza discusses the policy considerations underlying this approach: "The policy which lies behind this is an unwillingness to permit one who is not a judicial officer and who acts informally and sporadically, to re-examine a final decision which he has already rendered, because of the potential evil of outside communication and unilateral influence which might affect a new conclusion. The continuity of judicial office and the tradition which surrounds judicial conduct is lacking in the isolated activity of an arbitrator, although even here the vast increase in the arbitration of labor disputes has created the office of the specialized professional arbitrator.... [W]here the award does not adjudicate an issue which has been submitted, then as to such issue the arbitrator has not exhausted his function and it remains open to him for subsequent determination. In such a case the arbitrator is not exposed to any greater risk of impropriety than would normally exist during the pendency of the arbitration proceedings, a risk which is inherent in the submission of disputes to non-judicial determination." (378 F.2d at pp. 572-573.)
[3] In the case of uninsured motorists arbitration, where the arbitration clause is the product of a statutory requirement rather than voluntary agreement, it has been suggested that an award can be set aside if the award on its face shows that the arbitrator reached an erroneous conclusion based on an error of law, and if the error is such as to cause substantial injustice if not corrected. (Abbott v. California State Auto. Assn. (1977) 68 Cal. App.3d 763, 771 [137 Cal. Rptr. 580]; and see Allen v. Interinsurance Exchange (1969) 275 Cal. App.2d 636 [80 Cal. Rptr. 247]; Campbell v. Farmers Ins. Exch. (1968) 260 Cal. App.2d 105 [67 Cal. Rptr. 175]; but see State Farm Mut. Auto. Ins. Co. v. Guleserian (1972) 28 Cal. App.3d 397 [104 Cal. Rptr. 683]; Durand v. Wilshire Ins. Co. (1969) 270 Cal. App.2d 58 [75 Cal. Rptr. 415].) It has also been held that where an appraisal award is based upon a misconception of the law, this fact may be shown by extrinsic evidence, including a declaration of one of the appraisers and, in light of the limited powers normally granted appraisers (as distinguished from arbitrators) may be grounds for establishing that the appraisers exceeded their authority. (Jefferson Ins. Co. v. Superior Court (1970) 3 Cal.3d 398, 403 [90 Cal. Rptr. 608, 475 P.2d 880].)
[4] While it is unnecessary to our decision on this point, we note that the partnership agreement provided that "all assets, accounts, and assets located in the corporate offices belong to the partnership for the purposes of this agreement." Respondents contended that the assets of Paramount Tax Service remained an asset of the partnership upon dissolution, but the arbitrator apparently found contrary to their position.
[5] We note that the award states that the partnership is obligated for the "income and ongoing expenses of Paramount Tax Service." We fail to understand the thrust of appellant's question.