[No. B122210. Second Dist., Div. Five. Oct. 2, 1998.]

CALIFORNIA COASTAL COMMISSION, Plaintiff and Respondent, v.
AMIR TAHMASSEBI et al., Defendants and Appellants.

## COUNSEL

Thomas M. Banks for Defendants and Appellants.

Daniel E. Lungren, Attorney General, Roderick E. Walston, Chief Assistant Attorney General, Richard M. Frank, Assistant Attorney General, and Daniel A. Olivas, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**ARMSTRONG, J.**—Amir Tahmassebi appeals from a trial court order granting respondent California Coastal Commission's motion to enforce a judgment previously entered. We affirm the trial court.

### Procedural History

Appellant owns a plot of land in Malibu. In November of 1991, the California Coastal Commission (the Commission) filed suit against appellant in the superior court, alleging that he had violated the California Coastal Act (Pub. Resources Code, § 30000 et seq.) by performing various work on the property, including grading, filling, and installing a culvert, without a coastal development permit. The Commission sought injunctive and declaratory relief and civil fines.

In August of 1992, judgment in that lawsuit was entered in favor of the Commission, by stipulation of the parties. The stipulated judgment required appellant to obtain various permits, pay a fine of $15,000, and to restore the property, if restoration was necessary, within 30 days of the Commission's approval of appellant's restoration application. The judgment specified that if appellant violated any of the deadlines set out therein, he would be liable for a penalty of $1,000 for each day of violation. The judgment also provided that the superior court would retain jurisdiction "for the purpose of enabling either party to apply to the Court for any further orders or directions as may be necessary and appropriate for this judgment's construction, execution, modification, and enforcement of compliance."

In November of 1994, the Commission ordered appellant to restore the property. In January of 1998, the Commission filed the motion for enforcement of judgment which is the subject of this appeal. In the motion, the Commission alleged that appellant had not restored the property in compliance with its order, but had instead filed a restoration application which was rejected by the Commission because the proposed work would not have restored the property but would have kept the illegal development in place, then engaged in years of false representations about compliance and false promises that he would comply. The Commission sought an order requiring appellant to file a complete restoration application within 20 days and to comply with Commission orders regarding that application. The Commission also asked that the court order appellant to pay a fine of $15,000 pursuant to the penalty provision of the stipulated judgment, and attorneys' fees of $950. The trial court granted the motion in its entirety.

## Discussion

■ Appellant first contends that the trial court order must be reversed because the Commission has no jurisdiction over his property, which he contends is subject to an exclusion from coastal development permit requirements, termed by the parties the "Calvo exclusion."[1] Appellant then reasons that since the Commission had no jurisdiction over the property, the superior court had no jurisdiction to issue the order appealed from, since that order purports to grant the Commission authority which it does not have and abrogates the statutory Calvo exclusion. Appellant also contends that the order appealed from thus violates constitutional principles of separation of powers. We agree with the Commission and the trial court that appellant cannot now complain that the Commission had no authority over his property.

The application of the Calvo exclusion has long been part of this case. In its 1991 complaint, the Commission acknowledged that the County of Los Angeles had issued appellant an exemption from coastal development permit requirements in the belief that the exclusion applied, but also alleged that the

---

[1]This exclusion is set forth in Public Resources Code section 30610.1, which provides that no coastal development permit shall be required for the construction of a single-family residence on any vacant lot which meets specified criteria and which is located in an area designated by the Commission. The criteria, set out in the statute, generally concern such matters as location and water supply. (Pub. Resources Code, § 30610.1, subd. (c).) The statute also provides that the Commission shall designate areas for the exclusion "if construction of single-family residences within the area . . . has no potential, either individually or cumulatively, for significant adverse impacts on highly scenic resources of public importance, on environmentally sensitive areas, on prime agricultural land or on agricultural lands currently in production, or on public access to or along the coast." (Pub. Resources Code, § 30610.1 subd. (b).)

exclusion did not apply because, inter alia, the grading was not done in connection with the construction of a single-family home, but was for landscaping purposes. The Commission also alleged that shortly after issuing the exemption, the County of Los Angeles ordered appellant to obtain a coastal development permit.

Under the Public Resources Code, the Commission may bring actions in the superior court for injunctive and declaratory relief and the superior court may impose civil fines for violations of the permit requirements of the Coastal Act. (Pub. Resources Code, §§ 30803, 30820.) The Commission brought such an action. Appellant contends that he had a defense to that action through the application of the Calvo exclusion. The merits of this defense were resolved when appellant stipulated to judgment in the Commission's lawsuit. With the stipulation, appellant agreed that the Commission had the authority to require him to restore the property. Appellant cannot relitigate that issue now.

This case is thus substantially similar to *Law Offices of Ian Herzog* v. *Law Offices of Joseph M. Fredrics* (1998) 61 Cal.App.4th 672 [71 Cal.Rptr.2d 771]. There, the parties entered into an in-court stipulation to binding arbitration and the trial court ordered arbitration pursuant to that stipulation. However, the defendant later opposed the plaintiff's motion to confirm the arbitration award on the ground that the order sending the case to arbitration was in excess of jurisdiction, contending that the Civil Code requires a written agreement to arbitrate. We held that the defendant had waived his right under the Civil Code, and also that the doctrine of judicial estoppel applied.

As we said in *Herzog*, under the doctrine of judicial estoppel, ". . . a party who has taken a particular position in litigation may, under some circumstances, be estopped from taking an inconsistent position to the detriment of the other party." (61 Cal.App.4th at p. 678.) The doctrine applies here, as it did in *Herzog*. Like the defendant in *Herzog*, appellant has taken inconsistent positions in this litigation, first waiving the right to further litigate the Calvo exclusion and agreeing to obey any Commission order regarding restoration of the property, and later asserting the Calvo exclusion and denying any obligation to obey Commission orders. Detriment to the other party is clear: this case proceeded from 1992 until appellant's opposition to the motion to enforce the judgment on the understanding that the Calvo exclusion was no legal bar to Commission jurisdiction or the action.

Further, appellant's assertion here is barred under the doctrine of invited error. Any flaw in the stipulated judgment can be laid at appellant's own

door. ▮ "It is settled that where a party by his conduct induces the commission of an error, under the doctrine of invited error he is estopped from asserting the alleged error as grounds for reversal." (*In re Marriage of Broderick* (1989) 209 Cal.App.3d 489, 501 [257 Cal.Rptr. 397].)

▮ Nor do we agree with appellant that the result we reach here amounts to a violation of the doctrine which holds that jurisdiction may not be conferred by consent. Subject matter jurisdiction, that is, " ' "power to hear or determine the case, an . . . authority over the subject matter or parties[,]" . . .' " cannot be conferred by consent. (*In re Marriage of Hinman* (1992) 6 Cal.App.4th 711, 716 [8 Cal.Rptr.2d 245].) Here, the Public Resources Code gave the superior court subject matter jurisdiction. Appellant's complaint does not concern subject matter jurisdiction, but asserts that the court acted in excess of its jurisdiction because it incorrectly resolved the Calvo exclusion issue. Such a contention is subject to doctrines of waiver and estoppel. (*Law Offices of Ian Herzog* v. *Law Offices of Joseph M. Fredrics, supra,* 61 Cal.App.4th at p. 680.)

▮ Appellant next contends that the order must be reversed because the Commission violated notice provisions of the stipulated judgment. The provision he relies on is part of the penalty provision of the judgment, and reads "Before any such penalty is imposed, [the Commission] shall give [appellant] ten (10) days written notice (by certified mail, return receipt requested) of [the Commission's] intent to enforce this penalty provision. If at the end of such ten (10) days [appellant] is still in violation of this judgment, [the Commission] may enforce this penalty provision."

The facts are as follows: On December 17, 1997, after many months of warnings, counsel for the Commission notified appellant by letter that if he did not comply with the judgment by filing permit applications within 14 days, "I will proceed to court to enforce the judgment and the penalty provision." The letter indicated that the Commission would seek only $15,000 in penalties, although it believed it was entitled to much more. The motion to enforce the judgment was not filed until January 22, 1998.

Appellant relies on the facts that on December 26, 1997, he submitted a restoration application to the Commission, and on January 21, 1998, the Commission informed appellant that his application was incomplete but allowed him until February 19 to complete the application. He contends that since the Commission's motion was filed prior to February 19, it was premature, and that contrary to the stipulated judgment, he was not given an opportunity to voluntarily comply. He further contends that the notice provision was violated since neither the judgment nor the December 17 letter required that the application be complete when filed.

We find substantial evidence for the trial court order which impliedly found that appellant was given proper notice. The Commission's motion was accompanied by declarations and exhibits which indicated that the December 17 letter was sent after years of correspondence with appellant regarding the restoration application, during which time appellant promised to comply, falsely contended that the City of Malibu would not let him comply, and submitted a restoration application (in 1995) which proposed work which would not restore the property but would make further modifications. During this time, the Commission repeatedly informed appellant that he was in violation of the judgment.

It is true that after the December 17 notice letter, appellant filed a restoration application, but the Commission found that the application lacked a filing fee; detailed plans specifying methods, techniques, and time estimates; and other documents. Appellant was thus still in violation of the judgment when the 10-day notice period elapsed, and the Commission properly proceeded to court. The fact that the Commission granted appellant an extension of time to complete his filing is irrelevant to this question, and means only that the Commission properly decided to work with appellant while the matter proceeded in court, so that restoration could be completed.

### Disposition

The judgment is affirmed.

Turner, P. J., and Godoy Perez, J., concurred.