[Civ. No. 30017.   Second Dist., Div. Three.   Sept. 29, 1967.]

BRYAN MURRY, Plaintiff and Respondent, v. CIVIL SERVICE EMPLOYEES INSURANCE CO., Defendant and Appellant.

Spray, Gould & Bowers and Eugene R. Grace for Defendant and Appellant.

Gabler, High & Clark and Jack B. Clark for Plaintiff and Respondent.

COBEY, J.—This is an appeal from a judgment confirming an uninsured motorist arbitration award in the amount of $9,260. The appeal lies. (Code Civ. Proc., §§ 1294, subd. (d), 1287.4.)[1]

The sole basis of this appeal is that the award was improperly confirmed because it was incomplete and ineffective since three rules of the American Arbitration Association were violated in the course of the arbitration under review and the arbitration agreement of the parties provided that such arbitration would be "in accordance with" such rules.[2]

The trial court concluded that there had been substantial compliance with such rules in the arbitration under review and that appellant insurer had not suffered any prejudice whatsoever by reason of the noncompliance involved. With this conclusion we agree.

The three rules that are claimed to have been violated are as follows:

"Section 31. Communication With Arbitrator—There shall be no direct communication between parties and the Arbitrator other than at oral hearings. Any other oral or written communications from the parties to the Arbitrator, be it prior or subsequent to the conclusion of the arbitration, shall be

---

[1]Hereafter in this opinion all statutory references are to various portions of the California Arbitration Act, effective September 15, 1961, and unamended since then, which is part of the Code of Civil Procedure, unless another code is indicated.

[2]The arbitration agreement of the parties was as follows: "ARBITRATION: If any person making claim hereunder and the Company do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured automobile because of bodily injury to the insured, or do not agree as to the amount of payment which may be owing under this coverage, then, upon written demand of either, the matter or matters upon which such person and the Company do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof. Such person and the Company each agree to consider itself bound and to be bound by any award made by the arbitrators pursuant to this Part."

directed to the Administrator for transmittal to the Arbitrator.''

''Section 32. Time—The arbitrator shall render his Award promptly and, unless otherwise agreed by the parties, or specified by law, not later than thirty days from the date of the close of the hearings, or if oral hearings have been waived, from the date of transmitting the final statements and proofs to the Arbitrator.''

''Section 36. Delivery of Award to Parties—Parties shall accept as legal delivery of the Award the placing of the Award or a true copy thereof in the mail by the Tribunal Clerk, addressed to such party at his last known address or to his attorney, or personal service of the Award, or the filing of the Award in any manner which may be prescribed by law.''

The claimed violation of these rules occurred as follows. After the arbitration hearing was held and completed on May 5, 1965, and after the local office of the American Arbitration Association had been notified by phone by the arbitrator on May 7, 1965, of all of the essentials of his proposed award, the arbitrator phoned the attorney for the insured and gave him upon his return call, the same information which he had previously given to the Association. Thereafter a formal award in strict accordance with this information was prepared by the local office of the Association and sent to the arbitrator for signature. He signed this formal award and returned it on May 12th or May 13th to the local office of the Association for service upon the parties. This the Association did not do because contemporaneously with the receipt of the formal award from the arbitrator it was advised by the attorney for appellant that apparently there had been some communication between the arbitrator and the insured or his attorney and that the arbitrator should be asked by the Association for an explanation of this. This request was repeated by letter on May 18, 1965. Upon inquiry by the Association the arbitrator, on May 21st, acknowledged to the Association by letter that he apparently had inadvertently and unintentionally violated one of ''the laws'' of the Assocation by his contact with the attorney for the insured after he had made his decision in the matter and had communicated it informally to the Association. In this letter he disqualified himself from acting as arbitrator further in the matter. Thereupon, by letter dated May 27, the Association notified counsel for both parties that it had declared the office of arbitrator in the matter vacant and that the matter must be rearbitrated.

The attorney for the insured did not acquiesce in this determination of the Association. Instead, on June 3d he appeared at the local office of the Association and obtained from it, among other things, a photostatic copy of the undated but signed formal award of the arbitrator and proceeded the next day to serve by mail appellant and its counsel with copies of this copy. On June 18th he initiated the confirmation proceedings under review by filing a petition to confirm the award.[3]

It is clear from the foregoing summarization of the evidence that two of the three quoted rules of the Association were violated. There was direct communication between the arbitrator and one of the parties through his attorney and the formal award, in its original form, was never delivered to the parties by the Association as required by its quoted rule. However, we do not believe that the quoted rule as to the time in which the arbitrator must render his award was violated unless the award submitted to the trial court for confirmation, that is, the signed but undated copy of the formal award, which the Association itself never delivered to the parties to the arbitration, be regarded as a nullity or otherwise unenforcible by a confirmation proceeding.[4]

We do not so regard this award. All that the California Arbitration Act requires with respect to the form and contents of an arbitrator's award is as follows: "Section 1283.4. The award shall be in writing and signed by the arbitrators concurring therein. It shall include a determination of all the questions submitted to the arbitrators the decision of which is necessary in order to determine the controversy." The award under review clearly meets each and all of the three requirements of this section.[5]

There is no question but that the service of the formal award by the attorney for the insured upon appellant and its counsel did not comply *exactly* with either the manner of

---

[3] We deem this substantial compliance with section 1288.4.

[4] Since appellant did not give the arbitrator written notice of its objection on the basis of untimeliness prior to the service upon it of a signed copy of the award, it waived this objection. (§ 1283.8.)

[5] The rules of the Association required no more than this section with respect to the form of the award. The relevant rule is as follows: "Section 33. Form—The Award shall be in writing and shall be signed either by the sole Arbitrator or by a majority if there be more than one. It shall be executed in the manner required by law." The manner of the execution required by law is set forth in the above quoted section 1283.4. All that is required therein is that the award "be in writing and be signed by the arbitrators concurring therein."

service required by the California Arbitration Act[6] or with that required by the quoted rule of the Association. However, this irregularity, in the service of the award must be disregarded for three reasons. In the first place appellant by its own conduct is barred from raising it. It failed to serve and file a response to the confirmation petition which was duly served upon it,[7] and therefore all of the allegations of such petition are deemed to be admitted by it, including the one that the award submitted to the court for confirmation (a copy of which was attached to the petition and incorporated therein by reference) was "in all respects a proper award." (§ 1290.) In the second place, the sole function of the service of an award upon the parties to an arbitration is to give notice to them of the existence and contents of the award and this function was fully performed by the service which was made upon appellant and its counsel. Appellant does not and never has claimed that the award submitted to the court differs in any way from that submitted to the Association by the arbitrator. In the third place, a defect in service of the award does not come within the statutory grounds upon which the court in a confirmation proceeding can and should vacate this award in view of the complete absence of any showing of any prejudice whatsoever to appellant by reason of this irregularity. (§ 1286.2.)

For the same reason the final but already mentioned irregularity, raised by appellant, namely, the direct communication between the arbitrator and the other party to the arbitration through his attorney after the arbitrator had notified the Association informally what his award was going to be, must be disregarded. Under section 1286, once a confirmation proceeding has been initiated before it, the court's choices are limited to the following: (1) confirming the award; (2) correcting the award and confirming it as corrected; (3) vacating the award or (4) dismissing the proceedings. (Cf. § 1285.2.) However, it may dismiss the proceedings as to any respondent only after it determines "that such person was not bound by the arbitration award and was not a party to the arbitration." (§ 1287.2.) Obviously here appellant is not such

---

[6]The relevant section of this Act, section 1283.6, reads as follows: "The neutral arbitrator shall serve a signed copy of the award on each party to the arbitration personally or by registered or certified mail or as provided in the agreement."

[7]Pursuant to rule 12(a) of the California Rules of Court we have augmented the record on appeal on our own motion by adding thereto the superior court file in this case.

a respondent. Likewise, appellant does not claim that the award before us should be corrected in any manner whatsoever. It asks instead essentially that the award be vacated.[8] But under the California Arbitration Act as amended in 1961, pursuant in every detail to the recommendation of the California Law Revision Commission,[9] vacation of an arbitration award may be had in a confirmation proceeding only if the party asking for such vacation proves one of the five below-specified statutory grounds therefor.

Appellant has completely failed to do this. It has not shown at all that the award under review "was procured by corruption, fraud or other undue means" or that "there was corruption in any of the arbitrators" or that its rights "were substantially prejudiced by misconduct of a neutral arbitrator" or that "the arbitrators exceeded their powers and the award cannot be corrected without affecting the merits of the decision upon the controversy submitted" or that its rights "were substantially prejudiced" by conduct of the arbitrator contrary to the provisions of the California Arbitration Act. (§ 1286.2.)

As we see it, since the arbitration under review was conducted pursuant to the California Arbitration Act, the question of whether the various irregularities involved should render the arbitrator's award unenforcible in a confirmation proceeding brought under that act, is solely and exclusively a question of statutory interpretation; and, for the reasons already given, such question must be answered in the negative. "The law respects form less than substance." (Civ. Code, § 3528.)

Accordingly, the judgment is affirmed.

Ford, P. J., and Moss, J., concurred.

---

[8]Technically in this case the trial court could not have vacated the award before it because no response requesting its vacation had been duly served and filed in the confirmation proceeding before it. (§ 1286.4, subd. (a).)

[9]See 4 Cal.Law Revision Com. Rep. 15 (1963).