[No. B202693. Second Dist., Div. Three. Aug. 18, 2009.]

TAHERI LAW GROUP, A.P.C., Plaintiff and Appellant, v.
ALEXANDER SOROKURS et al., Defendants and Respondents.

COUNSEL

Lisitsa Law Corporation, Yevgeniya Lisitsa and Ali Vassigh for Plaintiff and Appellant.

Law Offices of Neil C. Evans and Neil C. Evans for Defendants and Respondents.

OPINION

CROSKEY, J.—

## INTRODUCTION

Taheri Law Group, A.P.C. (Taheri), appeals from a judgment granting the petition of Alexander Sorokurs and his medical corporation, Alexander Sorokurs, Inc. (collectively, Sorokurs), to confirm an arbitration award. Taheri contends that the trial court erred in confirming the arbitration award and in denying its petition to vacate the award. Since Sorokurs did not file a timely response to Taheri's petition to vacate the award, Taheri argues that the court was required to grant the petition to vacate the arbitration award. We disagree and affirm.

## STATEMENT OF FACTS

In 2004, Sorokurs retained Taheri to represent him in multiple lawsuits arising out of his purchase of a medical clinic. Taheri was successful in several cases and on two occasions, the opposing party was ordered to pay attorney fees to Sorokurs. In 2005, Sorokurs terminated the representation, at which time Taheri sought to recover $604,113.43 for legal services performed in accordance with their hourly retainer agreement. Sorokurs claimed that the hourly retainer agreement was not valid, as he had not been aware of what he was signing. Taheri successfully petitioned to compel arbitration of the fee dispute. Taheri sought damages for breach of contract, unjust enrichment, quantum meruit, fraud and declaratory relief. Sorokurs counterclaimed for malpractice, breach of fiduciary duty, breach of contract, fraud and declaratory relief. On March 28, 2007, the arbitrator issued the final decision,

awarding Taheri the net sum of $34,196.60 against Sorokurs, a fraction of the amount Taheri had sought. Sorokurs was designated as the prevailing party.

On July 6, 2007, Taheri filed a petition to vacate the arbitration award, citing all the statutory grounds for vacation set forth in Code of Civil Procedure section 1286.2.[1] Sorokurs did not respond to this petition within the 10-day deadline set forth in section 1290.6, but on August 2, 2007, filed an ex parte request for an order to extend the deadline to file opposition to Taheri's petition to vacate the arbitration award. At the hearing, the court denied all ex parte relief with the exception of shortening time for service of a motion for relief under section 473.[2] The following day, Sorokurs filed a petition to confirm the arbitration award.

Taheri opposed both the section 473 motion and the petition to confirm the arbitration award. In its opposition to Sorokurs's request for relief from the filing deadline, Taheri argued that since Sorokurs had missed his 10-day deadline, the allegations of Taheri's petition to vacate were deemed admitted, which required the petition to be granted. In its opposition to the petition to confirm the arbitration order, Taheri similarly argued that since the allegations of its petition to vacate the arbitration award had been deemed admitted, the petition to confirm necessarily must be denied.

On September 5, 2007, the trial court held a hearing on the outstanding motions and petitions. The trial court denied Sorokurs's request for section

---

[1] All statutory references are to the Code of Civil Procedure, unless otherwise noted. Section 1286.2, subdivision (a), addresses the grounds for vacation, stating: "the court shall vacate the award if the court determines any of the following:

"(1) The award was procured by corruption, fraud or other undue means.

"(2) There was corruption in any of the arbitrators.

"(3) The rights of the party were substantially prejudiced by misconduct of a neutral arbitrator.

"(4) The arbitrators exceeded their powers and the award cannot be corrected without affecting the merits of the decision upon the controversy submitted.

"(5) The rights of the party were substantially prejudiced by the refusal of the arbitrators to postpone the hearing upon sufficient cause being shown therefor or by the refusal of the arbitrators to hear evidence material to the controversy or by other conduct of the arbitrators contrary to the provisions of this title.

"(6) An arbitrator making the award either: (A) failed to disclose within the time required for disclosure a ground for disqualification . . . or (B) was subject to disqualification upon grounds specified in Section 1281.91 but failed upon receipt of timely demand to disqualify himself or herself as required by that provision."

[2] Section 473, subdivision (b) provides: "The court may, upon any terms as may be just, relieve a party or his or her legal representative from a[n] . . . order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect."

473 relief and Taheri's petition to vacate the arbitration award. The court, however, granted Sorokurs's petition to confirm. On September 7, 2007, the court entered judgment for Taheri against Sorokurs in the amount of the $34,196.60 award. Taheri has filed a timely appeal from that judgment.

## CONTENTIONS

Taheri contends that the trial court erred in denying its petition to vacate the arbitration award. It argues that in the absence of Sorokurs's timely response to Taheri's petition, the allegations of the petition were deemed admitted and therefore, the trial court was required to vacate the award.

## DISCUSSION

■ "The proper interpretation of statutory language is a question of law which this court reviews de novo, independent of the trial court's ruling or reasoning." (*Plunkett v. Spaulding* (1997) 52 Cal.App.4th 114, 126 [60 Cal.Rptr.2d 377], overruled on other grounds in *Schreiber v. Estate of Kiser* (1999) 22 Cal.4th 31, 40 [91 Cal.Rptr.2d 293, 989 P.2d 720].) "We review issues of statutory interpretation de novo. . . . The primary purpose of statutory construction is to ascertain the Legislature's intent. . . . We first consider the statutory language, 'being careful to give the statute's words their plain, commonsense meaning.' . . . 'If the language of the statute is not ambiguous, the plain meaning controls and resort to extrinsic sources to determine the Legislature's intent is unnecessary.' " (*California School Employees Assn., Tustin Chapter No. 450 v. Tustin Unified School Dist.* (2007) 148 Cal.App.4th 510, 517 [55 Cal.Rptr.3d 739], citations omitted.)

■ Once a party to an arbitration files a petition to confirm, correct, or vacate an award, "[a] response shall be served and filed within 10 days after service of the petition" unless the court extends, or both parties agree to extend, the deadline. (§ 1290.6.) If a response is not filed within the deadline, "[t]he allegations of a petition are deemed to be admitted by a respondent." (§ 1290.) The plain language of section 1290 provides only that the "allegations of a petition are deemed to be admitted," not that the petition is to be granted. The question then becomes: what is an allegation? Black's Law Dictionary defines "allegation" as "[s]omething declared or asserted *as a matter of fact*, esp. in a legal pleading; a party's formal statement *of a factual matter* as being true or provable, without its having yet been proved." (Black's Law Dict. (8th ed. 2004) p. 81, col. 2, italics added.) Allegations are statements of fact rather than conclusions of law.

Case law confirms this distinction. In *Evans Products Co. v. Millmen's Union No. 550* (1984) 159 Cal.App.3d 815, 817 [205 Cal.Rptr. 731], the employer, Evans Products, had an agreement with the Union prohibiting discrimination against any employee or applicant for employment on the basis of age. Evans Products refused to hire a 17 year old who had been sent by the Union on the ground that child labor laws prohibited hiring a minor for "hazardous" duties. (*Id.* at p. 818.) The Union filed a grievance against Evans Products which was sent to arbitration. (*Ibid.*) The arbitrator found for the Union and Evans Products filed a petition to vacate the arbitration award. (*Ibid.*) It alleged in its petition that the arbitration award required it to violate child labor laws. (*Id.* at p. 819.) The Union did not respond and the allegations of Evans's petition were "deemed to be admitted by the Union." (*Ibid.*) The Union's admission did not, however, require the court to automatically grant Evans Products' petition to vacate the award. The court accepted *the fact* that the employee in question was a minor at the time he was denied employment, but went through its own *legal analysis* before concluding the award was "not enforceable on grounds of illegality." (*Id.* at p. 820.)

In *Johnston v. Security Ins. Co.* (1970) 6 Cal.App.3d 839, 840 [86 Cal.Rptr. 133], the insurer and a group of insured claimants entered into arbitration to resolve the amount payable under a fire policy. The arbitrator awarded $10,600 to the claimants. (*Id.* at p. 841.) The insurer filed a petition to vacate the arbitration award in which it alleged that the umpire had failed to disclose his relationship with the insured claimants' counsel. (*Id.* at pp. 842–843.) The petition received no response. The trial court granted the petition to vacate the award and the insured claimants appealed. The appellate court recognized that "in [the] absence of a response, the allegations of a petition are deemed admitted," but did not automatically affirm the order vacating the award. (*Id.* at p. 843.) Instead, the court accepted "the undisputed facts" of the case, that the umpire had an acquaintanceship with the insured's counsel, and then considered the legal issue of whether failure to disclose such a relationship created the impression of bias, necessitating vacation of the award. (*Ibid.*) The appellate court concluded it did and affirmed the order granting the petition to vacate.[3]

---

[3] One case suggests that legal conclusions are deemed admitted by a failure to respond to a petition. In *Murry v. Civil Service Employees Ins. Co.* (1967) 254 Cal.App.2d 796, 797 [62 Cal.Rptr. 659], an arbitrator violated several rules of the American Arbitration Association in the course of an arbitration between an insurer and insured. The insured's attorney filed a petition to confirm the arbitration award, which the insurer did not oppose. (*Id.* at pp. 799–800.) The trial court confirmed the award. The insurer appealed, arguing that the award was invalid, but the appellate court affirmed. In its decision, the court noted that due to the insurer's failure to oppose the petition, "all of the allegations of such petition are deemed to be admitted by it, including the one that the award submitted to the court for confirmation . . . was 'in all respects a proper award.' (§ 1290.)" (*Id.* at p. 800.) However, the court

The distinction that only factual allegations, not legal conclusions, are deemed admitted by a failure to timely respond can be seen in the law's treatment of complaints and cross-complaints. (See § 431.20 ["Every material allegation of the complaint or cross-complaint, not controverted by the answer, shall, for the purposes of the action, be taken as true."].) In *Kidwell v. Ketler* (1905) 146 Cal. 12, 16 [79 P. 514], a testator set up a trust for his niece and nephew; upon their deaths, the estate was to be distributed among their heirs. When both the niece and nephew died, the sole heir of the niece filed a complaint to distribute one-half of the trust property to himself and the other one-half to the five minor heirs of the nephew. (*Id.* at p. 16.) The heirs of the nephew filed a cross-complaint seeking to distribute the property in the same manner. (*Ibid.*) These allegations were not denied by either party, and the trial court divided the property as suggested by both parties. (*Id.* at pp. 16–17.) However, the nephew's minor heirs appealed and the niece's heir objected on the grounds that both parties had made identical, unopposed allegations regarding the division of the estate. In response, the California Supreme Court stated: "It is uniformly held that an allegation made under such circumstances is an allegation of a conclusion of law not calling for a denial, and not binding upon either party." (*Id.* at p. 17.) The court went on to note that " 'it is a rule of pleading that, although a party is bound by the facts which he states, he is not bound by his statement of the legal consequences of those. It is for the court to judge what are those legal consequences.' " (*Id.* at p. 18.) The court considered the terms of the will to discern the intent of the testator as well as the actual constructions of the will to decide, through its own analysis, to affirm the trial court's ruling.

■ Applying these well-established principles (see, e.g., *Blank v. Kirwan* (1985) 39 Cal.3d 311, 318 [216 Cal.Rptr. 718, 703 P.2d 58]), we conclude that under the plain language of section 1290, the allegations "deemed admitted," when a petition to vacate is not timely opposed, are only the factual allegations of the petition, not the legal conclusions pleaded. The admission of factual allegations does not require courts to grant an unopposed petition. Rather, courts still have the power and duty to draw their own legal conclusions and confirm, correct, or vacate the award, or dismiss the petition, as appropriate (§ 1286).

In Taheri's petition to vacate the arbitration award, Taheri relied on all of the grounds for vacation listed in section 1286.2, subdivision (a)(1)–(6). We

cited no authority other than section 1290 to justify its conclusion, nor did it offer any analysis. In any event, the admission of the pleaded legal conclusion was not necessary to the appellate court's conclusion. The court held that the insurer had failed to prove any of the required statutory grounds for vacating an award (§ 1286.2). (254 Cal.App.2d at p. 801.) We therefore decline to follow the language of the *Murry* court regarding the "admission" of legal conclusions in the absence of a response.

independently consider the legal effect of his presumed-admitted "factual allegations." First, Taheri asserted that the award was "procured by corruption, fraud or other undue means." (§ 1286.2, subd. (a)(1).) Taheri conceded that the arbitrator was not being "accused of committing 'fraud' in the traditional sense of the word" but rather fraud "in respect to the Arbiter's decision to visit the awards made [for attorney fees in the underlying cases] without the issue being submitted to the Arbiter." However, "it is within the 'powers' of the arbitrator to resolve the entire 'merits' of the 'controversy submitted' by the parties. [Citations.]" (*Moncharsh v. Heily & Blase* (1992) 3 Cal.4th 1, 28 [10 Cal.Rptr.2d 183, 832 P.2d 899].) Since Taheri and Sorokurs were in arbitration to settle a fee dispute for all the legal services performed by Taheri, the arbitrator's award was within the scope of the submitted controversy. The attorney fees awarded in the underlying actions as well as the details of the arbitration award were deemed admitted, but Taheri's receipt of a smaller award than it sought is indicative of neither fraud nor corruption. In fact, the arbitration award, deemed admitted, explains that Taheri's recovery was limited by "breaches of ethical duties and breaches of fiduciary duties."

Second, Taheri claimed that the award should be vacated due to "corruption in . . . the arbitrators." (§ 1286.2, subd. (a)(2).) Aside from the general claims of corruption presented above, there was no factual basis for such claims presented. Thus, the legal conclusion of corruption does not follow.

Third, Taheri argued that the "rights of the party were substantially prejudiced by misconduct of a neutral arbitrator." (§ 1286.2, subd. (a)(3).) Specifically, Taheri sees misconduct in the arbitrator's designation of Sorokurs as the prevailing party. In support of that conclusion, Taheri contends that according to section 1032, the prevailing party is the one "with a net monetary recovery," who is therefore entitled "to recover costs in any action or proceeding." However, even if we accept that Taheri may be the prevailing party according to section 1032, the arbitrator is not bound by the Code of Civil Procedure. In any event, we do not review an arbitrator's decision for an error of law. (*Moncharsh v. Heily & Blase, supra*, 3 Cal.4th at p. 11.) The arbitrator's decision regarding the prevailing party is at most an unreviewable error of law, not misconduct mandating vacation of the award. Such a ruling by the arbitrator does not demonstrate or even suggest "misconduct" within the meaning of section 1286.2, subdivision (a)(3).

Fourth, Taheri claimed that the arbitrator "exceeded [his] powers" (§ 1286.2, subd. (a)(4)) in adjudicating the dispute after he found that certain provisions in the retainer agreement were in violation of the Business and

Professions Code, Rules of Professional Conduct, or case law. However, although the arbitrator concluded *certain* provisions were void, Taheri offered no factual basis to support the conclusion that the arbitrator had held the agreement itself was void *ab initio*. Thus, the deemed-admitted fact that the arbitrator found certain provisions void and unenforceable does not establish that the agreement—including its arbitration clause—was void *ab initio*. The legal conclusion that the arbitrator exceeded his powers therefore does not follow.

Fifth, Taheri claimed that it was "substantially prejudiced by the [arbitrator's] refusal . . . to hear evidence material to the controversy." (§ 1286.2, subd. (a)(5).) In support, it offered two instances in which the arbitrator halved the attorney fees that had been awarded to Sorokurs in the underlying cases. This argument involved a mixing of apples and oranges. The fees awarded to Sorokurs in the underlying action for the attorney fees incurred by him did not establish the reasonable value of Taheri's services and was in no way binding on Sorokurs in this matter. The fact that the arbitrator, who found that Taheri had breached certain ethical obligations owed to Sorokurs, decided to award less fees than were sought does not establish that the arbitrator improperly excluded evidence. Moreover, that Taheri was disappointed with its award is not sufficient to prove substantial prejudice.

Sixth, Taheri asserted that the arbitrator was biased and prejudiced. Taheri, however, offered no factual support for this assertion. It is a conclusion reached by Taheri due to "the inadequacy of the award." We deem admitted the amount of the award; the legal conclusion of bias, however, does not follow.

This problem persists throughout the petition; we have searched the petition in vain for factual allegations to be "deemed admitted" under section 1290. This court even requested Taheri to provide, in a supplemental brief, a list of factual allegations that should be deemed admitted. We received in response nothing but a summary of the petition to vacate along with a copy of the petition itself. The only factual allegations in the petition to vacate are the facts of the arbitration award itself and the facts summarizing Taheri's representation of Sorokurs. The court must therefore accept these factual allegations as "deemed admitted" by both parties. But we are not required to accept Taheri's conclusions of bias, prejudice or fraud. These legal conclusions simply do not follow from those facts.

■ In sum, the trial court had the authority and the obligation to determine whether the factual allegations of the petition to vacate established

a legal basis to vacate an award under section 1286.2. Correctly concluding that they failed to establish such a basis, the court denied the petition to vacate and granted Sorokurs's petition to confirm the award. This was not error.

## DISPOSITION

The judgment confirming the arbitration award is affirmed. Sorokurs shall recover his costs on appeal.

Aldrich, J., concurred.

**KLEIN, P. J.,** Dissenting.—I respectfully dissent. I would reverse the judgment confirming the arbitration award with directions to grant Taheri Law Group, A.P.C.'s petition to vacate the award.

. In an effort to uphold the perceived sanctity of arbitration awards, the majority opinion holds that irrespective of the failure of Alexander Sorokurs to file a timely response to Taheri's petition to vacate the arbitration award, "the trial court *had the authority and the obligation* to determine whether the factual allegations of the petition to vacate established a legal basis to vacate an award under [Code of Civil Procedure] section 1286.2." (Maj. opn., *ante*, pp. 964–965, italics added.)[1]

In so holding, the majority opinion imposes a sua sponte duty on overburdened trial courts to scrutinize the merits of a petition to vacate an arbitration award, in the event that a party has failed to oppose a petition to vacate. By requiring the trial court to act as backup counsel for the errant opposing party, the majority's approach runs counter to our adversarial system of litigation, which assigns respective roles to the moving party, the opposing party and the trial court. Here, the majority opinion reflects that the majority conducted an independent review of Taheri's 150-page petition to vacate and supporting exhibits, in order to make its own determination as to whether the allegations of the *unopposed* petition to vacate had a sufficient "factual basis" for the claims presented.[2]

---

[1] All further statutory references are to the Code of Civil Procedure.

[2] The majority opinion also reflects the majority went beyond scrutinizing the allegations to engage in a weighing of the evidence to support Taheri's allegations. For example, with respect to the fifth ground pled by Taheri, i.e., that it was substantially prejudiced by the arbitrator's refusal to hear evidence material to the controversy, the majority opinion concludes, "that Taheri was disappointed with [the] award is not sufficient to *prove* substantial prejudice." (Maj. opn., *ante*, p. 964, italics added.)

In addition to upending the adversarial system, the majority's approach is contrary to the plain language of the statutory scheme. Under the legislation pertaining to arbitration (§ 1280 et seq.), the legal consequence of an unopposed petition to vacate an arbitration award is that the allegations of the petition to vacate are deemed admitted. Section 1290 provides in relevant part: "The allegations of a petition *are deemed to be admitted* by a respondent duly served therewith unless a response is duly served and filed." (Italics added.)

Section 1290.6 specifies the time for filing and serving a response to a petition. It provides in relevant part: "A response shall be served and filed within 10 days after service of the petition . . . . The time provided in this section for serving and filing a response *may be extended by an agreement in writing between the parties to the court proceeding or, for good cause, by order of the court.*" (Italics added.)

Here, there was no written agreement between Taheri and Sorokurs extending the 10-day period for Sorokurs to file and serve a response to Taheri's petition to vacate the award.

Further, there was no court order extending the 10-day period for good cause. To the contrary, the trial court *denied* Sorokurs's motion under section 473 to extend the time for responding to Taheri's petition to vacate the award.

The effect of Sorokurs's failure to timely serve and file opposition to Taheri's petition to vacate the award is that the allegations of the petition to vacate were deemed admitted. (§ 1290.)

*Evans Products Co. v. Millmen's Union No. 550* (1984) 159 Cal.App.3d 815 [205 Cal.Rptr. 731] (*Evans*) is on point. There, a union won an arbitration award against an employer. On May 22, 1978, the employer filed a timely petition to vacate the award. The union's response and request to confirm the award were untimely filed on June 19, 1978. (*Id.* at p. 819.) The trial court granted the employer's petition to vacate the award. The reviewing court affirmed, stating, "Code of Civil Procedure section 1290.6 provides so far as pertinent that a response shall be served and filed within 10 days after service of the petition. *Since the Union's response was not duly served and filed, the court below properly concluded that the allegations of [the employer's] petition were deemed to be admitted by the Union.* (Code Civ. Proc., § 1290; *De Mello v. Souza* (1973) 36 Cal.App.3d 79, 83 [111 Cal.Rptr. 274].)" (*Evans, supra,* at p. 819, italics added.)

Also pertinent here is *Eternity Investments, Inc. v. Brown* (2007) 151 Cal.App.4th 739 [60 Cal.Rptr.3d 134] (*Eternity*). There, an arbitrator issued an award in favor of the plaintiff. The defendants did not file a petition or response in the trial court to correct or vacate the award within the 100-day period. (See §§ 1285–1286.8, 1288.) Three weeks after the 100-day period expired, the plaintiff filed a timely petition to confirm the award.[3] In their response thereto, the defendants challenged the award as invalid. The trial court entered judgment confirming the award. (*Eternity, supra,* at p. 742.)

The reviewing court affirmed, concluding "that, because defendants did not bring a timely petition or response to correct or vacate the award, the trial court had no choice but to disregard defendants' challenge and 'confirm the award as made.' (§ 1286.)" (*Eternity, supra,* 151 Cal.App.4th at p. 742.)

Here, because Sorokurs did not file a timely response to Taheri's petition to vacate the award, the allegations of Taheri's petition to vacate the award "are deemed to be admitted . . . ." (§ 1290.) Taheri's petition to vacate the arbitration award alleged, inter alia, the arbitrator exceeded his powers by rendering a decision on issues which were not put before him. (§ 1286.2, subd. (a)(4).) The effect of Sorokurs's silence in the face of Taheri's petition to vacate is that said allegation by Taheri, albeit conclusionary, is deemed to be admitted. Therefore, Taheri was entitled to a grant of the petition to vacate the award.

The majority opinion faults Taheri's petition to vacate for failure to set forth sufficient "*factual* allegations." However, section 1290 simply states "[*t*]*he allegations* of a petition are deemed to be admitted" if no response is duly served and filed. (Italics added.) To justify its heightened scrutiny of the petition to vacate, the majority herein has inserted the word "factual" into section 1290, to hold that "only *factual* allegations . . . are deemed admitted by a failure to timely respond . . . ." (Maj. opn., *ante,* p. 962, italics added.)

However, as noted in 4 Witkin, California Procedure (5th ed. 2008) Pleading, section 378, page 514, "the distinction between ultimate facts, conclusions of law, and evidentiary matter is one of degree only, and the decisions often appear to be haphazard and inconsistent. (See *Estate of Bixler* (1924) 194 [Cal.] 585, 589 [229 P. 704] ['The lines of demarcation between conclusions of fact, conclusions of law, and an admixture of the two, are not clearly defined. The allegation of an ultimate fact as distinguished from an evidentiary fact usually, if not always, involves one or more conclusions'] . . . .)"

---

[3] The time for filing a petition to *confirm* an award is not later than *four years* from the date of service of the award on the petitioner. (§ 1288.)

In sum, Taheri's unopposed allegations with respect to the grounds for vacating the award, which allegations are deemed admitted (§ 1290), were sufficient to entitle Taheri to a grant of the petition to vacate the award.

Accordingly, it is unnecessary to reach Taheri's remaining contentions on appeal.