Filed 5/11/22  Sanchez v. MC Painting CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| LAURO SANCHEZ,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MC PAINTING,<br><br>    Defendant and Appellant. | D078817<br>(Super. Ct. No. 37-2020-00030754-CU-OE-CTL)<br><br>ORDER MODIFYING OPINION<br><br>NO CHANGE IN JUDGMENT |

THE COURT:

In accordance with California Rules of Court, rule 8.264(a)(2) and (b)(1), on its own motion the court modifies the opinion filed on April 22, 2022 to correct a clerical error as follows:

On page 8, after "WE CONCUR," delete "HALLER, Acting P.J." and replace it with "HUFFMAN, Acting P.J."

There is no change in judgment.

HUFFMAN, Acting P. J.

Copies to:  All parties

Filed 4/22/22  Sanchez v. MC Painting CA4/1 (unmodified opinion)

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| LAURO SANCHEZ, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> MC PAINTING, <br><br> Defendant and Appellant. | D078817 <br><br><br> (Super. Ct. No. 37-2020-00030754-CU-OE-CTL) |

APPEAL from an order of the Superior Court of San Diego County, Timothy B. Taylor, Judge.  Request for judicial notice granted.  Order affirmed.

Finch, Thornton & Baird, Chad T. Wishchuk and Marlene C. Nowlin for Defendant and Appellant.

Moon & Yang, Kane Moon, Allen Feghali and Enzo Nabiev for Plaintiff and Respondent.

MC Painting appeals from an order denying its petition to compel arbitration of a Private Attorneys General Act of 2004 (PAGA) (Lab. Code, § 2698 et seq.) action brought by a former employee, Lauro Sanchez.  In denying the petition, the trial court followed *Iskanian v. CLS Transportation Los Angeles, LLC* (2014) 59 Cal.4th 348 (*Iskanian*), which held that a worker's right to pursue a representative PAGA action cannot be waived and that this state law rule is not preempted by the Federal Arbitration Act (FAA).

On appeal, MC Painting contends *Iskanian* is no longer controlling because it has been "overruled" by the United States Supreme Court in *Epic Systems Corp. v. Lewis* (2018) 138 S.Ct. 1612 (*Epic Systems*).  But in *Correia v. NB Baker Electric, Inc.* (2019) 32 Cal.App.5th 602, 619–620 (*Correia*) and more recently again in *Provost v. YourMechanic, Inc.* (2020) 55 Cal.App.5th 982, 997–998, review denied January 20, 2021, S265736 (*Provost*), other panels of this court rejected that identical claim.  We see no compelling reason to depart from these cases.

Alternatively, MC Painting asks that we stay this appeal until the United States Supreme Court decides the FAA preemption issue in *Moriana v. Viking River Cruises, Inc.* (Sept. 18, 2020, B297327) [nonpub. opn.], cert. granted *sub nom. Viking River Cruises v. Moriana* (Dec. 15, 2021, No. 20-1573), ___ U.S. ___ [211 L.Ed.2d 421] (*Viking River Cruises*).)  However, we cannot disagree with binding California Supreme Court precedent based on the mere possibility that a future United States Supreme Court decision will overrule *Iskanian*.  After also rejecting MC Painting's contention that the trial court abused its discretion by considering Sanchez's tardy opposition papers, we affirm the order denying the petition to compel arbitration.

FACTUAL AND PROCEDURAL BACKGROUND

MC Painting is in the business of painting, concrete restoration, stucco patching, and related services. In February 2018, it hired Sanchez, who signed a Spanish language arbitration agreement. In English, it states in part:

> "In connection with any dispute, claim, or controversy ('Claim(s)') arising out of or in any way related to the employment, . . . whether based in contract, tort, or statutory duty or prohibition, the Parties agree to submit the Claim(s) to binding arbitration . . . ." [¶] . . . [¶]

> "All issues and questions concerning the construction, validity, enforcement, and interpretation of this Agreement shall be governed by, and construed in accordance with, the Federal Arbitration Act . . . . Employee agrees Employee is waiving the right to bring . . . a class action, representative action, or collective action . . . ."

In 2020, Sanchez filed a putative class action complaint against MC Painting alleging wage and hour claims. Later, Sanchez voluntarily dismissed his claims without prejudice, with the exception of a representative PAGA cause of action.[1]

MC Painting petitioned to compel arbitration. Citing *Iskanian*, Sanchez opposed the motion stating, "the California Supreme Court has been abundantly clear that representative PAGA claims are not subject to arbitration." After an unreported hearing, the trial court denied the petition,

---

[1]    The request for dismissal is not in the record on appeal; however, the parties' briefs agree that Sanchez's only remaining claim is a representative PAGA action. (See *Alki Partners, LP v. DB Fund Services, LLC* (2016) 4 Cal.App.5th 574, 586, fn. 5 [order sustaining demurrer not in record, but established by the parties' briefs].) Moreover, the order denying the motion to compel arbitration is consistent with the briefs, stating "the class and individual allegations have been dismissed from the [first amended complaint], leaving only the representative PAGA claim."

3

stating, "*Iskanian* remains good law" and "several appellate courts" have held that a "PAGA plaintiff may not be required to arbitrate" without the state's consent.

## DISCUSSION

A.  *The Trial Court Correctly Determined That Sanchez's Agreement to Arbitrate Representative PAGA Claims is Unenforceable.*

PAGA "authorizes an employee to bring an action for civil penalties on behalf of the state against his or her employer for Labor Code violations committed against the employee and fellow employees, with most of the proceeds of that litigation going to the state." (*Iskanian*, *supra*, 59 Cal.4th at p. 360.) "The civil penalties recovered on behalf of the state under the PAGA are distinct from the statutory damages to which employees may be entitled in their individual capacities." (*Iskanian*, at p. 381.) A PAGA action is, therefore, " ' "fundamentally a law enforcement action designed to protect the public and not to benefit private parties." ' " (*Iskanian*, at p. 387.)

"[A]n arbitration agreement requiring an employee as a condition of employment to give up the right to bring representative PAGA actions in any forum is contrary to public policy." (*Iskanian*, *supra*, 59 Cal.4th at p. 360.) This state law is not preempted by the FAA because "the FAA aims to ensure an efficient forum for the resolution of *private* disputes, whereas a PAGA action is a dispute between an employer and the state [Labor and Workforce Development] Agency." (*Iskanian,* at p. 384.) If these holdings remain good law, the waiver contained in MC Painting's arbitration agreement is not enforceable.

MC Painting contends *Iskanian* is no longer good law, its FAA preemption holding having been "effectively overruled" by the United States Supreme Court in *Epic Systems*, *supra*, 138 S.Ct. 1612. But we have already

4

rejected this same contention twice—in *Correia, supra,* 32 Cal.App.5th 602 and *Provost, supra,* 55 Cal.App.5th at pp. 997–998.

As we explained in *Correia,* the claim in *Epic Systems* differed "fundamentally from a PAGA claim" because the employee there was "asserting claims *on behalf of other employees,*" whereas a PAGA plaintiff has "been deputized by the state" to act " 'as "the proxy or agent" of the state' " to enforce the state's labor laws. (*Correia, supra,* 32 Cal.App.5th at pp. 619–620.) Because *Epic Systems* did not decide the same question presented in *Iskanian,* the *Correia* court concluded its "interpretation of the FAA's preemptive scope [did] not defeat *Iskanian*'s holding or reasoning for purposes of an intermediate appellate court applying the law." (*Correia,* at p. 620.) *Correia* further held that "[w]ithout the state's consent, a predispute agreement between an employee and an employer cannot be the basis for compelling arbitration of a representative PAGA claim because the state is the owner of the claim and the real party in interest, and the state was not a party to the arbitration agreement." (*Correia,* at pp. 621–622.)

Moreover, as we explained in *Provost,* more than a year after *Epic Systems* was decided, the California Supreme court reaffirmed *Iskanian* in *ZB, N.A. v. Superior Court* (2019) 8 Cal.5th 175 (*ZB, N.A.*). (See discussion in *Provost, supra,* 55 Cal.App.5th at p. 998.) *ZB, N.A.* cited *Iskanian* with approval, including its holding that an employee's predispute agreement waiving the right to bring a representative PAGA claim is unenforceable and this rule is not preempted by the FAA. (*ZB, N.A.,* at p. 185.) "*Iskanian* established an important principle: employers cannot compel employees to waive their right to enforce the state's interests when the PAGA has empowered employees to do so." (*ZB, N.A.,* at p. 197.) "Because we reaffirm

5

our conclusion that *Iskanian* has not been overruled, we are bound to follow it." (*Provost*, at p. 998.)[2]

### B. *This Appeal Should Not Be Stayed*

In *Viking River Cruises*, the Court of Appeal held that *Epic Systems* did not overrule or invalidate the *Iskanian* rule against PAGA waivers. After the California Supreme Court denied review in *Moriana*, the United States Supreme Court granted certiorari to consider whether the FAA requires enforcement of a bilateral arbitration agreement providing that an employee cannot raise representative PAGA claims. (*Viking River Cruises, supra,* B297327, cert. granted *sub nom. Viking River Cruises v. Moriana* (Dec. 15, 2021, No. 20-1573) ___ U.S. ___ [211 L.Ed.2d 421].)[3]

MC Painting asks that we "hold" this appeal "in abeyance" until the Supreme Court decides *Viking River Cruises*. However, under stare decisis we do not have the discretion to question whether *Iskanian* was correctly decided and we are duty bound to apply it in this appeal unless and until the United States Supreme Court declares it to be an incorrect statement of federal law. (See *Auto Equity Sales, Inc. v. Superior Court of Santa Clara County* (1962) 57 Cal.2d 450, 455.) Obviously MC Painting can continue to raise this issue as it pursues the appellate process.

---

[2]  Other cases uniformly concluding that *Epic Systems* did not overrule *Iskanian* include: *Collie v. Icee Company* (2020) 52 Cal.App.5th 477, 482 review denied November 10, 2020, S264524; *Contreras v. Superior Court of Los Angeles County* (2021) 61 Cal.App.5th 461, 471–472; *Herrera v. Doctors Medical Center of Modesto, Inc.* (2021) 67 Cal.App.5th 538, 549–550; and *Olson v. Lyft, Inc.* (2020) 56 Cal.App.5th 862, 872.

[3]  MC Painting's request for judicial notice of the Supreme Court's docket in *Viking River Cruises* and "Question Presented" is granted. (Evid. Code, §§ 452, subd. (d), 459, subd. (a).)

C.  *The Court Did Not Abuse Its Discretion In Considering Sanchez's Late Opposition Papers*

Where, as here, a lawsuit is already pending, a defendant may file a petition to compel arbitration in lieu of filing an answer to a complaint. (Code Civ. Proc., § 1281.7.)  MC Painting did so here on December 23, 2020, with a proof of service by mail to an address in California filed the same date. The hearing was scheduled for April 2, 2021.  Absent an extension of time, Sanchez's response was due 15 after service—that is, January 7, 2021. (*Id.*, §§ 1290.6, 1013)!  But he did not file opposition until March 15, 2021.

Where no timely opposition is filed, the allegations of a petition to compel arbitration are deemed admitted.  (*Taheri Law Group, A.P.C. v. Sorokurs* (2009) 176 Cal.App.4th 956, 962 (*Taheri*).)  MC Painting invoked that rule, but the trial court allowed the late filing, stating:

> "[E]ven if [Code of Civil Procedure] section 1290.6 applies, the statute specifically allows the court to extend the time for filing an opposition for good cause.  [MC Painting] has failed to show that the court has no good cause to consider the late opposition brief or that it has suffered undue prejudice by the tardy filing.  To the contrary, it appears that [MC Painting] was able to timely file and serve an 11-page reply on the merits."

In a two-paragraph argument at the end of its opening brief, MC Painting contends that the order should be reversed because Sanchez filed an untimely response.  But as the trial court correctly noted, Code of Civil Procedure section 1290.6 expressly allows an extension of time "for good cause"—and MC Painting makes no argument that the trial court abused its discretion in determining good cause existed here.

In any event, the consequence of an untimely opposition is merely that the *factual* allegations in the petition are deemed admitted.  The trial court still must draw legal conclusions from those deemed admitted facts.  (*Taheri*,

7

*supra*, 176 Cal.App.4th at p. 962). Here, the petition alleges: (1) MC Painting is a California corporation; (2) in the construction industry; (3) engaged in interstate commerce; (4) Sanchez signed the arbitration agreement; and (5) the allegations in Sanchez's complaint arise out of or relate to his employment. Even assuming these allegations are deemed true, the court remained free to draw the *legal conclusion* that the arbitration agreement was unenforceable under *Iskanian* as to the representative PAGA claims. Thus, even assuming for the sake of discussion that the trial court abused its discretion in considering late opposition, any such error was harmless.

## DISPOSITION

The request for judicial notice is granted. The order is affirmed. Sanchez is entitled to recover costs on appeal.


DATO, J.

WE CONCUR:


HALLER, Acting P. J.


IRION, J.

8