Filed 3/28/25

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| BRIAN PRAHL, | C099904 |
| Plaintiff and Appellant, | (Super. Ct. No. 23CV008270) |
| v. | |
| ALLSTATE NORTHBROOK INDEMNITY COMPANY, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Sacramento County, Christopher E. Krueger, Judge. Affirmed.

Cregger Law and Thomas A. Cregger for Plaintiff and Appellant.

Pollak, Vida & Barer, Rebecca E. Orloff, Daniel P. Barer and Scott J. Vida for Defendant and Respondent.

Brian Prahl appeals from the superior court's denial of his petition to compel arbitration of an uninsured motorist claim. The court concluded arbitration could not be compelled because the five-year deadline to complete arbitration set forth in Insurance Code section 11580.2, subdivision (i), had expired, and Judicial Council emergency rule 10 (Cal. Rules of Court, appen. I, emergency rule 10, hereafter Emergency Rule 10) did not extend the deadline. On appeal, Prahl challenges this legal conclusion and also contends the court should have granted his petition based on respondent Allstate Northbrook Indemnity Company (Allstate)'s failure to file a timely opposition. We will affirm the court's order.

## I. BACKGROUND

On September 11, 2023, Prahl filed his petition to compel arbitration of an uninsured motorist claim. The petition alleged he was involved in a multiple vehicle accident in March 2016 while insured by Allstate with a policy that contained uninsured motorist coverage. The available insurance proceeds from two drivers at fault were insufficient to fully compensate Prahl for the injuries and damages he suffered. Prahl settled with these drivers and then sought to initiate arbitration of his underinsured motorist claim. Allstate agreed to arbitration on May 29, 2018. Arbitration was scheduled for November 2022 but was continued based on Prahl's counsel's unavailability. In August 2023, Prahl's counsel contacted counsel for Allstate to reset the arbitration. Allstate asserted that the five-year limitation set forth in Insurance Code section 11580.2, subdivision (i), had expired in May 2023. This petition followed, and Prahl submitted a memorandum of points and authorities therewith explaining his position that Emergency Rule 10 extended the deadline to conclude arbitration by six months.

On October 3, 2023, Prahl filed a "notice of non opposition" arguing that any opposition had been due on September 25, 2023—10 days after service of his petition—

2

pursuant to Code of Civil Procedure section 1290.6.[1]  On October 12, 2023, Allstate filed its opposition brief and a response to the notice of non-opposition.  Allstate did not dispute any factual allegations in the petition and continued to assert Emergency Rule 10 did not extend the deadline to complete the arbitration.  On October 19, 2023, Prahl filed a reply.  The matter was heard on October 26, 2023.  The court denied the petition, and Prahl filed a timely appeal.

## II.  DISCUSSION

### A.    *Standard of Review*

" 'There is no uniform standard of review for evaluating an order denying a motion to compel arbitration.'  [Citation.]  When the court's order is based on a decision of law, we employ a de novo standard of review."  (*Tornai v. CSAA Insurance Exchange* (2023) 98 Cal.App.5th 974, 982.)

### B.    *Timeliness of Opposition Papers*

As a threshold issue, we address Prahl's assertion that the court should have granted his petition because Allstate did not file a timely opposition.  Prahl's argument is based on Code of Civil Procedure sections 1290 and 1290.6.  Code of Civil Procedure section 1290 provides, in part, that "[t]he allegations of a petition are deemed to be admitted by a respondent duly served therewith unless a response is duly served and filed."  Allstate did not dispute the factual allegations in the petition.  Even assuming that legal allegations can be deemed admitted under Code of Civil Procedure section 1290,[2]

---

[1]  In contrast, Code of Civil Procedure section 1005, subdivision (b) requires that an opposition to a *motion* be filed nine court days before the hearing.

[2]  The majority of a panel of a different Court of Appeal has concluded: "The plain language of [Code of Civil Procedure] section 1290 provides only that the 'allegations of a petition are deemed to be admitted,' not that the petition is to be granted. . . . Allegations are statements of fact rather than conclusions of law."  (*Taheri Law Group, A.P.C. v. Sorokurs* (2009) 176 Cal.App.4th 956, 960.)

3

we are not persuaded the trial court erred. Code of Civil Procedure section 1290.6 states that "[a] response shall be served and filed within 10 days after service of the petition," but further provides that "[t]he time provided in this section for serving and filing a response may be extended . . . for good cause, by order of the court." Under these provisions, "[c]ourts have long acknowledged that the trial court may consider untimely filed and served response papers, when no prejudice to the petitioner is shown, without an order extending the 10-day time period of section 1290.6." (*Ruiz v. Moss Bros. Auto Group, Inc.* (2014) 232 Cal.App.4th 836, 847.) In particular, good cause has been found where the opposition would be timely if the petition was treated as a motion. (*Ibid.*) Such was the case here. The superior court cited this authority and the fact Prahl filed a reply on the merits in rejecting Prahl's assertion that it should deem the legal issues in this proceeding admitted. It is Prahl's "burden to show the court had no good cause to consider plaintiffs' opposition papers and/or that it suffered undue prejudice." (*Correia v. NB Baker Electric, Inc.* (2019) 32 Cal.App.5th 602, 613.) Further, "[t]he circumstances surrounding an untimely opposition to a petition or motion to compel arbitration should be viewed under 'the strong policy of the law favoring the disposition of cases on the merits.'" (*Ibid.*) Prahl has not met his burden. Thus, we turn to the substantive basis for the denial of his petition.

C. *Emergency Rule 10*

Insurance Code section 11580.2, subdivision (i)(2)(A) provides, as relevant to this proceeding, that any uninsured motorist arbitration must be concluded "[w]ithin five years from the institution of the arbitration proceeding." Prahl argues this five-year deadline is extended by Emergency Rule 10.[3] We disagree.

---

[3] Prahl's opening brief identifies one trial court decision that reached this conclusion and two that did not need to decide the issue because more than five years and six months had passed. None of these decisions are citable as legal authority. (*Dameron Hospital Assn.*

4

The Judicial Council is empowered to "adopt rules for court administration, practice and procedure, . . . not . . . inconsistent with statute." (Cal. Const., art. VI, § 6, subd. (d).)  The Judicial Council also has the authority to "[e]xtend the time periods provided in Sections 583.310 and 583.320 of the Code of Civil Procedure to bring an action to trial" during an epidemic or other state of emergency.  (Gov. Code, § 68115, subd. (a)(6).)

"On March 27, 2020, Governor Newsom issued an executive order acknowledging that ' "the Judicial Branch retains extensive authority, statutory and otherwise, to manage its own operations as it deems appropriate to mitigate the impacts of COVID-19 . . . ." (Exec. Order No. N-38-20.)  "The order suspended any limitations in Government Code section 68115 or any other provision of law that limited the Judicial Council's ability to issue emergency orders or rules, and suspended statutes that may be inconsistent with rules the Judicial Council may adopt." ' " (*Barron v. Santa Clara County Valley Transportation Authority* (2023) 97 Cal.App.5th 1115, 1123.)  On April 6, 2020, the Judicial Council issued various emergency rules.  (*Ibid*.)  Among those was Emergency Rule 10, which provided[4]:  "Notwithstanding any other law, including Code of Civil Procedure section 583.310, for all *civil actions* filed on or before April 6, 2020, the time in which to bring the action to trial is extended by six months for a total of five years and six months."  (Emergency Rule 10(a), emphasis added.)

"The rules applicable to interpretation of the rules of court are similar to those governing statutory construction.  [Citation.]  Under those rules of construction, our primary objective is to determine the drafters' intent." (*Silverbrand v. County of Los*

---

*v. AAA Northern California, Nevada & Utah Ins. Exchange* (2014) 229 Cal.App.4th 549, 556, fn. 6.)

[4] "This rule will sunset on June 30, 2022, unless otherwise amended or repealed by the Judicial Council.  This sunset does not nullify the effect of the extension of time in which to bring a civil action to trial under the rule." (Emergency Rule 10(c).)

*Angeles* (2009) 46 Cal.4th 106, 125.) We begin with the plain language of the rule. (*Ibid*.; *People v. Standish* (2006) 38 Cal.4th 858, 869.)

Prahl contends an uninsured motorist arbitration is a "civil action" to which Emergency Rule 10 applies. "The phrase 'civil action' is plain and not reasonably susceptible to more than one interpretation." (*Sampson v. Parking Service 2000 Com., Inc*. (2004) 117 Cal.App.4th 212, 223.) "In context, the term 'civil action' unambiguously refers to a court action." (*Ibid*.) The Code of Civil Procedure defines an "action" as "an ordinary proceeding *in a court of justice* by which one party prosecutes another for the declaration, enforcement, or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense." (Code Civ. Proc., § 22, emphasis added.) This court has explained that arbitration is an "*alternative*" to a civil action. (*Leshane v. Tracy VW, Inc*. (2022) 78 Cal.App.5th 159, 164-165; accord *Sargon Enterprises, Inc. v. Browne George Ross LLP* (2017) 15 Cal.App.5th 749, 767 ["[A] party to an arbitration agreement may elect to initiate a civil action, rather than an arbitration proceeding"].)

To assert that a "civil action" in Emergency Rule 10 includes his arbitration, Prahl relies on the general definitions set forth in California Rules of Court, rule 1.6. They provide as follows:

"As used in the California Rules of Court, unless the context or subject matter otherwise requires:

"(1) 'Action' includes special proceeding.

"(2) 'Case' includes action or proceeding.

"(3) 'Civil case' means a case prosecuted by one party against another for the declaration, enforcement, or protection of a right or the redress or prevention of a wrong. Civil cases include all cases except criminal cases and petitions for habeas corpus." (Cal. Rules of Court, rule 1.6.)

6

It does not appear that these definitions alter what is otherwise a settled understanding of "civil action." Prahl argues his uninsured motorist arbitration is a "special proceeding" and therefore a "civil action" because it was established by statute. (See Ins. Code, § 11580.2, subd. (f) [requiring policy to provide arbitration provision].) He misunderstands the definition of a "special proceeding." A special proceeding is a remedy established by statute, but still obtained in court. (*People v. Superior Court (Laff)* (2001) 25 Cal.4th 703, 723; *McRae v. Superior Court* (1963) 221 Cal.App.2d 166, 170; *Boggs v. North American Bond & Mortg. Co*. (1937) 20 Cal.App.2d 316, 319.) "The Code of Civil Procedure classifies the remedies that may be obtained in the *courts*. 'Judicial remedies' are defined as those remedies administered by the courts of justice or judicial officers empowered for that purpose by the Constitution and statutes. ([Code Civ. Proc.,] § 20.) Judicial remedies are divided into two classes: actions and special proceedings. ([Code Civ. Proc.,] § 21.) 'An action is an ordinary proceeding in a court of justice by which one party prosecutes another for the declaration, enforcement, or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense.' ([Code Civ. Proc.,] § 22.) 'Every other remedy is a special proceeding.' ([Code Civ. Proc.,] § 23.)" (*Laff, supra*, at p. 723.) "Special proceedings . . . generally are 'confined to the type of case which was not, under the common law or equity practice, either an action at law or a suit in equity. [Citations.]' . . . The term 'special proceeding' applies only to a proceeding that is distinct from, and not a mere part of, any underlying litigation. [Citation.] The term 'has reference only to such proceedings as may be commenced independently of a pending action by petition or motion upon notice in order to obtain special relief.' " (*Id.* at p. 725.) Thus, a special proceeding can only encompass arbitration when there is a judicial remedy involved such as a petition to compel arbitration. (*Bouton v. USAA Casualty Ins. Co*. (2008) 167 Cal.App.4th 412, 427.) Some courts have indicated that "[a]n arbitration proceeding which is ordered pursuant to part 3 of the Code of Civil Procedure is recognized as a 'special proceeding.' " (*Lachkar v.*

7

*Lachkar* (1986) 182 Cal.App.3d 641, 646.) But here the arbitration was not so ordered. Prahl cites no authority indicating his arbitration can be considered a special proceeding. Indeed, arbitration by itself is not a special proceeding. (*Jordan-Lyon Productions, Ltd*. v. *Cineplex Odeon Corp*. (1994) 29 Cal.App.4th 1459, 1468-1469.) We therefore disagree with Prahl's suggestion that the fact California Rules of Court, rule 1.6 defines an "action" to include a "special proceeding" indicates the Judicial Council intended Emergency Rule 10 to extend the deadline to complete an uninsured motorist arbitration.

Even if we could agree with Prahl that the definitions in California Rules of Court, rule 1.6 conflict with the settled understanding of "civil action," the context and subject matter would require us to conclude that a "civil action" for purposes of Emergency Rule 10 cannot include an arbitration. We agree with the trial court that "[g]iven Emergency Rule 10's use of terminology from the Code of Civil Procedure, [Prahl]'s argument that the general definitions found in the California Rules of Court should apply is not persuasive." (See *People v. Yartz* (2005) 37 Cal.4th 529, 538 [ "the term 'civil action' is by definition not a 'special proceeding' (Code Civ. Proc., §§ 22, 23, 30)"].) Notably, Emergency Rule 10 tracks the language used by the Legislature in granting the Judicial Council authority to "[e]xtend the time periods provided in Sections 583.310 and 583.320 of the Code of Civil Procedure to bring an *action* to trial." (Gov. Code, § 68115, subd. (a)(6), emphasis added.) The Legislature's meaning was plain. Additionally, Emergency Rule 10 only extends the time to bring civil actions that have been "filed on or before April 6, 2020" to "trial." These terms do not apply to arbitration and thus context and subject matter dictates that Emergency Rule 10 does not extend the deadline to conclude an arbitration under Insurance Code section 11580.2, subdivision (i).

Prahl further asserts that the established relationship between Code of Civil Procedure section 583.310 to arbitration supports his interpretation of Emergency Rule 10. It does not. Prior to adoption of the time limits for concluding an arbitration set forth in Insurance Code section 11580.2, it was understood that "[a]n arbitrator has discretion

8

to dismiss a proceeding due to unreasonable delay by the claimant in bringing the matter to a hearing.  The statute requiring mandatory dismissal of a superior court action not brought to trial within five years (Code Civ. Proc., § 583.310) *does not directly apply to arbitration*, but its concept and limits have been imported into the test of reasonable diligence in bringing a claim to arbitration.  Thus, if a matter is not brought to arbitration within five years, the arbitrator may dismiss the matter for failure to proceed with reasonable diligence." (*Burgess v. Kaiser Foundation Hospitals* (1993) 16 Cal.App.4th 1077, 1081, emphasis added.)  Prahl argues based on *Burgess* that it therefore "follows" that Emergency Rule 10 would also apply to arbitrations.  We disagree.  We are not being asked whether Prahl exercised reasonable diligence but whether he complied with the plain terms of Insurance Code section 11580.2.  Further, "[a]rbitration is intended to be more expeditious than litigation." (*Burgess, supra*, at p. 1081.)  Thus, it does not "follow" that we would apply the tolling provisions of Emergency Rule 10 to this proceeding where they do not otherwise apply.

Because the trial court did not err in concluding Prahl lost the right to compel arbitration by failing to conclude it within five years of initiation, we affirm the trial court's denial of his petition to compel arbitration. (*Santangelo v. Allstate Ins. Co*. (1998) 65 Cal.App.4th 804, 807.)

9

## III. DISPOSITION

The order denying Brian Prahl's petition to compel arbitration is affirmed. Respondent Allstate Northbrook Indemnity Company shall recover its costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1) & (2).)

/S/

_____
RENNER, J.

We concur:

/S/

_____
EARL, P. J.

/S/

_____
DUARTE, J.